

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC MBS, INC., RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A5CB; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR9; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR11; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR6; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A6; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A7CB; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR13; INDYMAC INDB MORTGAGE LOAN TRUST 2006-1; INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H2; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR21; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR19; INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR1; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR23; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A10; INDYMAC INDX MORTGAGE | Civil Action No. 09-CIV-04583 (LAK)<br><br> |

1

LOAN TRUST 2006-AR12; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25; INDYMAC INDX MORTGAGE LOAN TRUST 2006-R1; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A11; INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR2; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR27; INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2006-H3; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A12; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR29; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR31; INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A13; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-R2; INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR3; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR 14 (AND 5 ADDITIONAL GRANTOR TRUSTS FOR THE CLASS 1-AIA, CLASS 1-A2A, CLASS 1-A3A, CLASS 1-A3B AND CLASS 1-A4A CERTIFICATES, TO BE ESTABLISHED BY THE DEPOSITOR, INDYMAC MBS, INC.); RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A14CB; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR33; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A15; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR35; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR37; RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A16;

INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR41; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR39; RESIDENTIAL ASSET SECURITIZATION TRUST; INDYMAC INDX MORTGAGE LOAN TRUST; INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR 1; RESIDENTIAL ASSET SECURITIZATION TRUST 2007-Al; INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX1; RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A2; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR1; INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX2; RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A3; INDYMAC INDA MORTGAGE LOAN TRUST; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR5; RESIDENTIAL ASSET SECURITIZATION TRUST 2007-AS; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR7; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR9; INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR2; INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX3; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR11; RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A6; INDYMAC IMSC MORTGAGE LOAN TRUST 2007-Fl; RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A7; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR13; INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR3; INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX4; INDYMAC

| | |
|---|---|
| IMJA MORTGAGE LOAN TRUST 2007-A1; INDYMAC IMJA MORTGAGE LOAN TRUST 2007-A2; JOHN OLINSKI; S. BLAIR ABERNATHY; RAPHAEL BOSTIC; SAMIR GROVER; SIMON HEYRICK; VICTOR H. WOODWORTH; BANC OF AMERICA SECURITIES LLC; J.P. MORGAN SECURITIES INC. as successor-in-interest to BEAR, STEARNS & CO. INC.; CITIGROUP GLOBAL MARKETS INC.; COUNTRYWIDE SECURITIES CORPORATION; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK SECURITIES INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; GOLDMAN, SACHS & CO.; GREENWICH CAPITAL MARKETS, INC.; HSBC SECURITIES (USA) INC.; INDYMAC SECURITIES CORPORATION; J.P. MORGAN SECURITIES INC.; LEHMAN BROTHERS INC.; BANK OF AMERICA CORPORATION as successor-in-interest to MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MORGAN STANLEY & CO. INC.; UBS SECURITIES LLC., MOODY'S INVESTOR SERVICES, INC.; THE MCGRAW-HILL COMPANIES and, FITCH RATINGS,<br><br>        Defendants. | |
| WYOMING STATE TREASURER and WYOMING RETIREMENT SYSTEM, Individually and on Behalf of all Others Similarly Situated,<br><br>        Plaintiffs, | Civil Action No. 09-CIV-5933 |

v.

JOHN OLINSKI; S. BLAIR
ABERNATHY; LYNETTE ANTOSH;
RAPHAEL BOSTIC; SAMIR GROVER;
SIMON HEYRICK; VICTOR H.
WOODWORTH; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR11; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR29; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR35; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-FLX1; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR14; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR3; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR15; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR2; INDYMAC INDX
MORTGAGE LOAN TRUST SERIES
2006-AR4; RESIDENTIAL ASSET
SECURITIZATION TRUST SERIES
2006-A2; INDYMAC INDX MORTGAGE
LOAN TRUST SERIES 2006-AR7;
INDYMAC RESIDENTIAL MORTGAGE
BACKED TRUST SERIES 2006-L2;
INDYMAC INDA MORTGAGE LOAN
TRUST SERIES 2007-AR7; INDYMAC
RESIDENTIAL ASSET BACKED TRUST
SERIES 2006-D; INDYMAC INDA
MORTGAGE LOAN TRUST SERIES
2006-AR2; BANK OF AMERICA
CORPORATION as successor-in-interest
to COUNTRYWIDE SECURITIES
CORPORATION; CREDIT SUISSE
SECURITIES (USA) LLC; J.P. MORGAN
SECURITIES INC. as successor-in-interest

| to BEAR, STEARNS & CO. INC.; BANK OF AMERICA CORPORATION as successor-in-interest to MERRILL, LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; GREENWICH CAPITAL MARKETS, INC (n/k/a RBS SECURITIES INC.); MORGAN STANLEY & CO., INC.; UBS SECURITIES LLC; MOODY'S INVESTORS SERVICE, INC.; FITCH RATINGS LTD.; and THE MCGRAW-HILL COMPANIES, Inc., |
|---|
| Defendants. |

## [PROPOSED] ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING THE WYOMING FUNDS AS LEAD PLAINTIFF, AND APPROVING THEIR SELECTION OF LEAD COUNSEL AND DISPOSING OF OTHER MOTIONS

Having considered the competing motions ~~of the Wyoming State Treasurer and the Wyoming Retirement System (collectively, the "Wyoming Funds")~~ to consolidate the above-captioned actions, to appoint ~~as~~ Lead Plaintiff, and for approval of their selection of Lead Counsel, ~~the Memorandum of Law and Declaration in support thereof,~~ and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Action.

2. A Master Docket and Master File shall be established for the Consolidated Action. The Clerk shall file all pleadings in the Master File and note such filings on the Master

Docket. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each of the individual actions, unless otherwise stated. When an order, pleading, motion or other document is filed with a caption indicating that it is applicable to fewer than all of these consolidated cases, the clerk shall file such document in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

3. An original of this Order shall be filed by the Clerk in the Master File.

4. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5. Every pleading in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re IndyMac Mortgage-Backed Securities Litigation ) ) ) | MASTER DOCKET No. 09-~~CV~~-04583 (LAK) Civ. |

When a pleading is intended to apply to all actions, the words "All Actions" should be inserted in the caption. When a pleading is intended to apply to fewer than all actions, the docket number of each individual action and the last name of the first-named plaintiff shall be inserted in the caption.

6. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

7. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

7

b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c. make the appropriate entry in the Master Docket for the Consolidated Action.

8. Each new case that arises out of the subject matter of the Consolidated Action and is filed in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of defendants' right to object to consolidation of any subsequently filed or transferred related action.

9. During the pendency of the Consolidated Action, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to, or that may lead to the discovery of, information relevant to the subject matter of the pending litigation.

10. The Court hereby concludes that the Wyoming Funds are the "most adequate plaintiff" and that they satisfy the requirements of Section 77z-1 of the Private Securities Litigation Reform Act of 1995. The Court hereby appoints the Wyoming Funds as Lead Plaintiff in the Consolidated Action and any related action subsequently transferred to, or filed with, this Court.

11. The Wyoming Funds have selected the law firm of Berman DeValerio to serve as Lead Counsel, and the Court accepts this choice and hereby appoints Berman DeValerio as Lead Counsel for the Consolidated Action. Lead Counsel shall provide general supervision of the activities of plaintiffs' counsel and shall ensure that all work performed by plaintiffs' counsel is neither duplicative nor unproductive.

12. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokespersons at all pretrial conferences;

    e. to call meetings of plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlement negotiations with counsel for defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    h. to coordinate the preparation and filings of all pleadings; and

    i. to supervise all other matters concerning the prosecution or resolution of the Consolidated Action.

13. No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel. No settlement negotiations shall be

conducted without the express approval of Lead Counsel.

14. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

15. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

16. All counsel for plaintiffs in the Consolidated Action shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine. Failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund, which may be created in the Consolidated Action.

17. Defendants shall effect service of papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, electronic mail ("e-mail"), telecopy or hand delivery. Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, e-mail, telecopy or hand delivery.

18. Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings.

19. The Wyoming Funds shall cause a consolidated amended complaint to be filed with the Court and served on defendants' counsel within sixty (60) days of the date of entry of this Order.

IT IS SO ORDERED.

DATED: 7/29/09

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT COURT JUDGE

20. The competing motions for designation as Lead Plaintiff and Lead Counsel [09Civ.4583 DI #14, 17]. The Clerk shall terminate also 09Civ.5933 DI #2 and 09Civ.4583 (DI #10)

11