UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

IN RE INDYMAC MORTGAGE-BACKED
SECURITIES LITIGATION

This Filing Relates to:  ALL ACTIONS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Master Docket No. 09-Civ-04583 (LAK)

**ECF CASE**

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT MICHAEL W. PERRY'S MOTION TO DISMISS
# PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

COVINGTON & BURLING LLP

D. Jean Veta
Benjamin J. Razi
1201 Pennsylvania Ave., NW
Washington, D.C.  20004-2401
(202) 662-2000
jveta@cov.com
brazi@cov.com

Pamela A. Carter
The New York Times Building
620 Eighth Avenue
New York, New York  10018-1405
(212) 841-1000
pcarter@cov.com

*Attorneys for Defendant Michael W. Perry*

November 23, 2009

# INTRODUCTION AND SUMMARY OF ARGUMENT

This fundamentally flawed lawsuit should be dismissed <u>with prejudice</u> as a result of numerous, incurable legal defects. Defendant Michael W. Perry, the former CEO of IndyMac Bancorp, Inc. and IndyMac Bank, F.S.B. (neither of which issued the mortgage-backed securities ("MBS") on which Plaintiffs' over-reaching claims purport to be based), joins in and incorporates by reference each of the arguments set forth in the Memorandum of Law in Support of the Individual Defendants' Motion to Dismiss ("Individual Defendants' Br.") and the Underwriter Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Underwriter Defendants' Br.").

As those submissions make plain, this case should not proceed further because:

1. <u>No False Statements</u>: The Amended Consolidated Class Action Complaint ("Amended Complaint") utterly fails to allege the falsity of any of the robust, detailed disclosures at issue here. In a case in which Plaintiffs will be required to prove that Defendants made an "untrue statement of material fact" (Section 11, Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k(a)), this is a threshold failure necessitating dismissal. *See* Individual Defendants' Br. at 9-29; Underwriter Defendants' Br. at 13-25.

2. <u>No Standing</u>: Plaintiffs lack standing for the overwhelming majority of claims they purport to assert. The Amended Complaint refers to 106 separate MBS offerings. But Plaintiffs did not even buy Certificates in 91 of these offerings. Not surprisingly, the law is clear that a plaintiff lacks standing to sue in such circumstances. *See* Individual Defendants' Br. at 30-32; Underwriter Defendants' Br. at 8-12.

3. <u>No Economic Loss</u>: Plaintiffs have not suffered any cognizable economic loss. As the Amended Complaint admits, the Certificates at issue "are securities . . . that entitle the holders to income payments from the pools of mortgage loans." Am. Compl. ¶ 60. Here, the payments promised in the offering materials have in fact been made; Plaintiffs have received everything to which they are entitled. They therefore cannot plead economic loss, an essential element of their claims. *See* Underwriter Defendants' Br. at 25-27.

4. <u>No "Controlling Person" Liability</u>: Plaintiffs' boilerplate allegations that, by virtue of their positions, the Individual Defendants and Mr. Perry were "controlling persons" of IndyMac MBS are insufficient to state a claim, especially now that the Supreme Court -- in its *Iqbal* and *Twombly* decisions -- has substantially raised pleading requirements under Rule 8(a). *See* Individual Defendants' Br. at 32-34. In particular

      with respect to Mr. Perry, the Amended Complaint alleges that he was ultimately responsible for IndyMac's underwriting standards. *See* Am. Compl. ¶¶ 80, 123, 125, and 131. But nowhere do Plaintiffs allege -- as they must to state a claim -- that Mr. Perry controlled or had the power to control statements in the IndyMac MBS offering documents allegedly presented to Plaintiffs.

5. <u>Statute of Limitations</u>:  Plaintiffs' claims against all Defendants are untimely because they were not "brought within one year after the discovery of the [allegedly] untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence." Section 13, Securities Act, 15 U.S.C. § 77m. *See* Underwriter Defendants' Br. at 27-31.

These incurable deficiencies -- which are described in detail in the motion papers submitted by the Individual Defendants and the Underwriter Defendants -- require the dismissal of this purported class action in its entirety.

      Mr. Perry submits this separate memorandum to address an additional -- insurmountable -- statute of limitations obstacle confronting Plaintiffs' late claim against him. Plaintiffs <u>first named Mr. Perry as a Defendant in this case on October 9, 2009</u>, well after the statute of limitations had run. Although Plaintiffs should not be permitted to proceed on any of their claims against any Defendant, in all events, the one grossly untimely claim that Plaintiffs have attempted to assert against Mr. Perry must be dismissed with prejudice.

## BACKGROUND

### A.    The First Two Complaints Did Not Assert Any Claims Against Mr. Perry.

      The first complaint -- *Police and Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc., et al.*, 08-CV-10637 -- in this consolidated class action was filed on May 14, 2009 (the "Original Complaint"). Like the Amended Complaint, the Original Complaint asserted claims for alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act based on alleged misstatements in offering materials for securities issued by Defendant IndyMac MBS, Inc. ("IndyMac MBS"). The Original Complaint purported to assert claims relating to over 70 separate MBS offerings. *See* Orig. Compl. ¶ 24. In addition to IndyMac MBS, the Original

- 2 -

Complaint named dozens of other Defendants, including Wall Street firms that allegedly underwrote the MBS offerings; credit rating agencies; and six individual officers and directors of IndyMac MBS.  *Id.* ¶¶ 21-52.  Mr. Perry -- who held no position at IndyMac MBS and did not make, sign, or certify any of the statements of which Plaintiffs complain -- was not named as a Defendant in the Original Complaint.

On June 29, 2009, the current Lead Plaintiffs -- the Wyoming State Treasurer and the Wyoming Retirement System -- filed a class action complaint containing allegations very similar to the Original Complaint (the "Second Complaint").  The Second Complaint asserted the same claims and named virtually the same Defendants as the Original Complaint.  Once again, the sophisticated institutional investor Plaintiffs and their counsel elected not to name Mr. Perry as a Defendant.

The alleged facts in the Original Complaint and the Second Complaint were drawn largely from a June 30, 2008 "report," *IndyMac: What Went Wrong?  How an "Alt-A" Leader Fueled Its Growth with Unsound and Abusive Mortgage Lending*, published by a group that calls itself the "Center for Responsible Lending" (the "CRL Report").  *See* Orig. Compl. at ¶¶ 64, 65, and 74; Second Compl. at ¶¶ 13, 83, and 85.  The CRL Report was filled with allegations about Mr. Perry, including the claim that he led a push by management to loosen underwriting standards and to approve unsound loans.  *See, e.g.*, CRL Report at 3 (cited in the Original Complaint at ¶ 64 and in the Second Complaint at ¶ 85).  Even though Plaintiffs had these allegations in hand no later than June 30, 2008 when the CRL Report was issued (and likely months or years earlier from other publicly available sources), Plaintiffs elected for their own reasons not to name Mr. Perry as a Defendant in either the Original Complaint or the Second Complaint.

- 3 -

### B. The Amended Complaint Asserts A Time-Barred Claim Against Mr. Perry For the First Time.

On October 9, 2009, Plaintiffs filed the Amended Complaint. However, rather than simply consolidating the claims contained in the earlier complaints, Plaintiffs sought to expand the case to include a total of 106 separate MBS offerings. In the Amended Complaint, Plaintiffs also changed strategy with respect to Mr. Perry, deciding to try to add him as a Defendant even though he was not an officer or director of IndyMac MBS and did not make, sign, or certify any of the alleged misstatements. The Amended Complaint seeks to hold Mr. Perry liable as a "controlling person" under Section 15 of the Securities Act for alleged misstatements made in IndyMac MBS offering materials. Am. Compl. ¶¶ 241-47. According to the Amended Complaint, Mr. Perry should be held liable as a "controlling person":

1. "Based on his position as the senior-most executive officer of IndyMac Bank," not IndyMac MBS, *id.* ¶ 24; and

2. Because he had ultimate responsibility for IndyMac Bank's underwriting of mortgage loans, which was the subject of alleged misstatements by IndyMac MBS, *id.* ¶¶ 80, 123, 125, and 131.

Putting aside that these allegations are woefully inadequate to support "controlling person" liability (*see* Individual Defendants' Br. at 32-34), this information was known to Plaintiffs years before they asserted their claim against Mr. Perry and, without a doubt, by June 30, 2008 at the latest. Indeed, Plaintiffs' allegations against Mr. Perry are based explicitly on the CRL Report, which was published on June 30, 2008:

> The *CRL Report* . . . found a number of underwriting failures prevalent at IndyMac Bank during the relevant time. According to CRL, "the quality of [IndyMac Bank's] became a running joke among its employees . . ." *CRL Report* at 2. "These practices left many [borrowers] deep in debt and struggling to avoid foreclosure." *Id.* In fact, IndyMac Bank CEO Perry "admitted" that IndyMac Bank "had gotten a little laxed" about underwriting and "didn't have the focus on fraud that we should have in this area, . . ." *Id.* at 17 (internal quotations omitted).

Am. Compl. ¶ 123.

## ARGUMENT

"Motions to dismiss on statute of limitations grounds are properly brought under Rule 12(b)(6)." *In re Novagold Sec. Litig.*, 629 F. Supp. 2d 272, 284 (2009). In evaluating Mr. Perry's motion, in addition to the Amended Complaint, the "court may also consider 'any written instrument attached to the [Amended Complaint], statements or documents incorporated into the [Amended Complaint] by reference and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit.'" *Id.* (quoting *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

**I.    PLAINTIFFS' OCTOBER 2009 "CONTROLLING PERSON" CLAIM AGAINST MR. PERRY IS FAR OUTSIDE THE APPLICABLE ONE-YEAR LIMITATIONS PERIOD.**

It is self-evident from the face of the Amended Complaint that the Plaintiffs' claim against Mr. Perry is irretrievably time-barred. The applicable statute of limitations period for private securities law claims under Section 15 of the Securities Act -- which Plaintiffs purport to assert here -- is "<u>one year after the discovery of the untrue statement</u> or omission, <u>or after such discovery should have been made by the exercise of reasonable diligence</u>." 15 U.S.C. § 77m (emphasis added); *see also In re Alstom SA*, 406 F. Supp. 2d 402, 412 (S.D.N.Y. 2005). Even if Plaintiffs' claims are deemed to date from the June 30, 2008 CRL Report -- despite the Amended Complaint's extensive reliance on even earlier reports -- the statute of limitations on those claims would have run on June 30, 2009. Because Plaintiffs did not assert their claim against Mr. Perry until over three months later in October 2009, Plaintiffs' claim against Mr. Perry is barred by the statute of limitations. *See, e.g.*, *In re Novagold Sec. Litig.*, 629 F. Supp. 2d at 289 ("The duty of inquiry having been triggered, plaintiffs' Securities Act claims . . . , all of which appeared for the first time in the November 21, 2008 complaint, are time-barred.").

## II. PLAINTIFFS' OCTOBER 2009 CLAIM AGAINST MR. PERRY DOES NOT "RELATE BACK" TO ANY TIMELY-FILED COMPLAINT.

Even though outside the limitations period, Plaintiffs likely will argue that their claim against Mr. Perry should nevertheless be permitted to proceed on some theory of "relation back" to the Original Complaint. As an initial matter, this argument fails because the Original Complaint was not timely filed. *See* Underwriters Br. at 27-31.

If, however, the Court decides that the Original Complaint was not time-barred, then, to demonstrate "relation back," Plaintiffs must show that:

> within the period provided by Rule 4(m) for serving the summons and complaint [120 days], [Mr. Perry]:
>
> (i) received such notice of the action that [he] will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against [him], <u>but for a mistake concerning the proper party's identity</u>.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).

This rule imposes three separate requirements that Plaintiffs cannot meet here: (1) Plaintiffs' failure to name Mr. Perry in either of the first two complaints was a matter of choice, not "mistake"; (2) given that he is not an officer or director of IndyMac MBS and did not make, sign, or certify any of the alleged misstatements, it cannot reasonably be said that Mr. Perry "knew or should have known" that Plaintiffs would belatedly seek to add him as a Defendant; and (3) Plaintiffs did not provide Mr. Perry with any notice of their claims within 120 days of filing suit.

### A. The Plaintiffs' Failure to Name Mr. Perry as a Defendant in Either of the First Two Complaints Was a Matter of Choice, Not Mistake.

Subsection (C)(ii) of Rule 15(c)(1) requires that the new party "knew or should have known that the action would have been brought against it, <u>but for a mistake concerning the

- 6 -

proper party's identity." In other words, for "relation back" to be available to rescue Plaintiffs' late claim against Mr. Perry here, Plaintiffs must show "that [they] [1] misapprehended the identity of the person [they] wished to sue (a factual mistake), or [2] failed to understand the legal requirements of [their] claim (a legal mistake)." *Dupree v. Pough*, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006); *see also Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) (Rule 15 "requirement that a new defendant 'knew' he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake"). Neither of these circumstances is present here.

### 1.     Plaintiffs Have Long Known of Mr. Perry's Role as IndyMac Bank CEO.

Here, Plaintiffs can make no credible claim of mistake of fact or mistaken identity. Mr. Perry's role as the CEO and leader of IndyMac Bank for many years was widely reported in SEC filings and elsewhere. Indeed, the Second Complaint (at ¶ 85) correctly identified Mr. Perry as the CEO of IndyMac Bank. Notwithstanding their knowledge of his role at IndyMac Bank, Plaintiffs elected for strategic reasons not to include Mr. Perry as a Defendant in this case, which is about disclosures made by persons other than Mr. Perry on behalf of a separate company, IndyMac MBS, Inc. Under these circumstances, there has been no "mistake" of fact within the meaning of Rule 15(c)(1). *See, e.g.*, *Cornwell*, 23 F.3d at 705 ("Cornwell was not required to sue [the late added Defendants], and her failure to do so in the original complaint, in light of her obvious knowledge [of their identities] . . . must be considered a matter of choice, not mistake.") (emphasis added).

### 2.     Mr. Perry's Non-Inclusion in the First Two Complaints Was Not the Result of Any "Mistake" of Law.

Nor was Plaintiffs' decision not to name Mr. Perry as a Defendant in the earlier complaints the result of any misapprehension of the law that could qualify as a "mistake" under

- 7 -

Rule 15.  To demonstrate such a "mistake" of law, Plaintiffs must show that they "misunderstood the legal requirements of [their] cause of action," such as when "a plaintiff . . . mistakenly believed that suing the police department, rather than a department head, would suffice."  *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 36-7 (2d Cir. 1996).

Plaintiffs cannot make this showing here, because they were not required to name Mr. Perry as a Defendant in order to state a claim for misrepresentation and controlling person liability under Sections 11, 12(a)(2), and 15 of the Securities Act.  *See, e.g.*, *In re WorldCom Sec. Litig.*, 294 F. Supp. 2d 431, 449 (S.D.N.Y. 2003) (no "mistake" of law under Rule 15 where "Plaintiffs . . . were not required to name [late added Defendants] to make their original complaint legally sufficient, and chose not to name them").  As in the *WorldCom* case, because Plaintiffs knew Mr. Perry's identity and were not required to name him to make the original complaint "legally sufficient," Plaintiffs here "are assumed to have omitted [Mr. Perry] intentionally, not by mistake."  *Id.*

Moreover, Plaintiffs' counsel are highly experienced securities class action lawyers who have "prosecuted hundreds of lawsuits and currently hold[] leadership positions in securities class actions against companies such as Bear Stearns, Fannie Mae, American Home Mortgage, and Smith & Wesson."  Berman DeValerio website, www.bermanesq.com; *see also* Memo. in Support of the Wyoming Funds' Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Their Choice of Lead Counsel, July 13, 2009, at 12-13 (Dkt. # 11) (Berman DeValerio among "highest caliber" plaintiffs' securities class action firms).  This is a straightforward misrepresentation case.  Any claim by Plaintiffs that their sophisticated counsel did not understand the legal requirements of such a case when they initially filed suit in May 2009 or when they filed suit the second time in June 2009 is simply not credible.

      **B.      Mr. Perry Had No Reason to Expect Plaintiffs Would Seek to Sue Him Out of Time for Statements Made By IndyMac MBS.**

Even if Plaintiffs were able to establish that their failure to sue Mr. Perry until several weeks ago was a "mistake," the Amended Complaint would not relate back because there is no basis for concluding that Mr. Perry "knew or should have known that th[is] action would have been brought against [him]." Rule 15(c)(1)(c)(ii). As noted, the first two complaints in this case were predicated on alleged misstatements and omissions in offering documents -- registration statements, prospectuses, and supplemental prospectuses -- issued by IndyMac MBS. *See* Orig. Compl. ¶¶ 92-124; Second Compl. ¶¶ 97-126. Mr. Perry was not an officer or director of IndyMac MBS and did not make, sign, or certify any of the statements at issue. Under these circumstances, where the primary violations allegedly were committed by persons other than Mr. Perry (*i.e.*, IndyMac MBS and its personnel), Mr. Perry had no reason to expect Plaintiffs would attempt to add him to the case at this late date.

      **C.      Plaintiffs Failed to Give Mr. Perry Timely Notice of Their Claims.**

Finally, Plaintiffs did not give Mr. Perry the requisite notice under the Rule. Under Rule 15(c)(1)(C), Plaintiffs were required to provide Mr. Perry with "such notice of the action that it will not be prejudiced in defending on the merits" "within the period provided by Rule 4(m) for serving the summons and complaint [i.e., 120 days]." Fed. R. Civ. P. 15(c)(1)(C). The 120-day period begins to run on the date that the original complaint was filed. *See Young-Flynn v. Kelly*, 234 F.R.D. 70, 74 (S.D.N.Y. 2006). Although this Court should find that the May 14, 2009 Complaint was time-barred, Plaintiffs failed to give Mr. Perry timely notice even if that Complaint were treated as timely. Assuming for the sake of argument that the May 14, 2009 Complaint was timely, the time for Plaintiffs to serve Mr. Perry with notice of this action began to run on May 14, and expired 120 days later on September 11, 2009. Mr. Perry did not

- 9 -

receive any notice of this suit until on or after October 9, 2009, when the Amended Complaint was filed. In fact, Mr. Perry was not served with the Amended Complaint until October 23, 2009. Therefore, Plaintiffs failed to comply with the notice requirement of Rule 15(c)(1)(C).

*     *     *     *     *

Because the Amended Complaint does not "relate back" to any timely-filed complaint, the single, late claim against Mr. Perry is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Individual Defendants' Brief and the Underwriter Defendants' Brief, the Court should dismiss with prejudice Plaintiffs' claim against Mr. Perry.

Dated: November 23, 2009

Respectfully submitted,

COVINGTON & BURLING LLP

/s/ Benjamin J. Razi
D. Jean Veta
Benjamin J. Razi
1201 Pennsylvania Ave., NW
Washington, D.C. 20004-2401
(202) 662-2000
jveta@cov.com
brazi@cov.com

Pamela A. Carter
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
pcarter@cov.com

*Attorneys for Defendant Michael W. Perry*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL W. PERRY'S MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED CLASS ACTION COMPLAINT to be served by ECF on counsel of record in this case, pursuant to Rule 5 of the Federal Rules of Civil Procedure, on November 23, 2009.

     /s/ Benjamin J. Razi
Benjamin J. Razi
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, D.C. 20004-2401
(202) 662-2000
brazi@cov.com