UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.-04583 (LAK)<br>ECF CASE |
| This Document Relates To:<br><br>    ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO INTERVENE BY THE GENERAL RETIREMENT
<u>SYSTEM OF THE CITY OF DETROIT</u>**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, movant General Retirement System of the City of Detroit ("DGRS") submits this memorandum of law in support of its motion to intervene as a named plaintiff in the above-captioned action.[1]

## I. INTRODUCTION

On October 29, 2009, Lead Plaintiffs in this action filed an Amended Consolidated Class Action Complaint for Violations of the Securities Act of 1933 (the "Complaint") against various defendants in connection with the sale of over $61 billion in mortgage-pass-through certificates (the "Certificates") in approximately 106 public offerings (the "Offerings"). However, the Lead Plaintiffs only purchased Certificates in fifteen of the Offerings.

In a Memorandum Opinion dated June 21, 2010, this Court dismissed the claims with respect to all of the Offerings identified in the Complaint in which the Lead Plaintiffs had not purchased. *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-Civ-4583(LAK), 2010 WL 2473243, at *3 (S.D.N.Y. June 21, 2010) (the "Order"). The Court held that the Lead Plaintiffs have standing only with respect to the offerings in which they purchased securities. *Id*. The Court sustained certain of the claims with respect to the Offerings enumerated in Schedules A and B of the Order. *Id*. at *12.

Prior to that Order, Lead Plaintiffs moved to intervene along with various other investors for those other investors to serve as named plaintiffs for certain Offerings ("Lead Plaintiffs' Intervention Motion"). *See* Memorandum of Law In Support of the Motion by Lead Plaintiffs and Additional Funds to Allow the Additional Funds to Intervene as Named Plaintiffs Pursuant to Fed. R. Civ. P. 24(b) ("Lead Pl. Intervention Mem.") (Dkt. No. 203). The Court has not yet ruled on Lead Plaintiffs' Intervention Motion.

---

[1] Prior to filing the motion, counsel for DGRS discussed the motion with counsel for Lead Plaintiffs, who indicated that Lead Plaintiffs do not oppose the relief requested herein.

Based on the same considerations identified in Lead Plaintiffs' Intervention Motion, and for the reasons discussed below, DGRS also seeks to intervene as a named plaintiff to protect the rights of certain investors, including itself. DGRS purchased the following securities identified in the Complaint: (1) Residential Asset Securitization Trust 2006-A7CB (the "2006-A7CB Offering"); and (2) IndyMac INDX Mortgage Loan Trust 2006-AR19 (the "2006-AR19 Offering"). *See* the accompanying Declaration of Robin F. Zwerling In Support of Motion to Intervene by the General Retirement System of the City of Detroit ("Zwerling Decl."), Ex. A (Declaration of Walter Stampor). It is apparent that neither the named plaintiffs nor any of the proposed intervenor plaintiffs identified in Lead Plaintiffs' Intervention Motion purchased these securities. Since the claims with respect to the 2006-A7CB and 2006-AR19 Offerings have been dismissed from the litigation on standing grounds, DGRS seeks leave to intervene as a named plaintiff in order to pursue those claims on behalf of members of the Class who purchased in those offerings.

While Fed. R. Civ. P. 24(c) requires the filing of a pleading identifying the claims for which intervention is sought, in this case, DGRS seeks to intervene to protect certain claims which are already included in the Complaint. Accordingly, should intervention be granted, DGRS proposes additions to the operative complaint which essentially reflect DGRS's interest in the action. *See* Zwerling Decl., Ex. B (red-lined version of relevant paragraphs of the complaint showing proposed additions).[2]

---

[2] The proposed additions to the complaint reflect additions to the [Proposed] Second Amended Consolidated Class Action Complaint for Violations of the Securities Act of 1933 that was filed with Lead Plaintiffs' Intervention Motion. *See* Dkt. No. 204-1.

## II.  ARGUMENT

### A. DGRS SATISFIES THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT PURSUANT TO RULE 24(a)(2)

In order to intervene as a matter "of right" under Rule 24(a)(2), a movant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992) (citation omitted).  Rule 24 is to be construed liberally.  *See Int'l Equity Inv. Inc. v. Opportunity Equity Partners Ltd.*, No. 05 Civ. 2745, 2010 WL 779314, at *2 (S.D.N.Y. Mar 2, 2010).  DGRS satisfies all requirements for intervention as of right.

#### 1. DGRS's Motion is Timely

As articulated by the Second Circuit, "[t]imeliness defies precise definition, although it certainly is not confined strictly to chronology." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).  Among the considerations are: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."

Here, the earliest that DGRS could have arguably been on notice that its claims were not being adequately protected was May 17, 2010 – the date of Lead Plaintiffs' Intervention Motion. The present motion to intervene is being filed within two months of that date.  Prior to that, DGRS believed that its interests were being protected by the Lead Plaintiffs as the class was defined to include investors such as DGRS who purchased in the Offerings identified in the Complaint.  *See* Compl. ¶ 215.  Indeed, the Court only ruled that Lead Plaintiffs do not have

3

standing to pursue the claims on behalf of investors such as DGRS on June 21, 2010 – less than three weeks ago.

None of the existing parties can credibly claim that any prejudice will result from this intervention. Defendants were on notice of claims with respect to the offerings in which DGRS purchased, as they are part of the class defined in the Complaint. *See, e.g., Haddock v. Nationwide Fin. Serv.*, 262 F.R.D. 97 (D. Conn. 2009) (finding no prejudice where "defendants were on notice" of intervenor's claim "at the time th[e] suit was initially filed"). Moreover, the litigation is still at its preliminary stages, and no discovery has taken place.

Certainly, Lead Plaintiffs cannot claim any prejudice as they purported to include the claims of investors such as DGRS when they filed the Complaint. Indeed, Lead Plaintiffs followed the exact same course in seeking leave to intervene other named plaintiffs in other unrepresented Offerings. *See* Lead Pl. Intervention Mem. at 6 ("Allowing the Funds to intervene to represent purchasers of Certificates who share virtually identical claims will only ensure judicial and prosecutorial efficiency and will allow the interests of purchasers of Certificates to be more broadly represented."). DGRS's intervention, therefore, "will not alter the nature or dimensions of this lawsuit; the action remains the same as the day that plaintiffs commenced it." *See Haddock*, 262 F.R.D. at 103.

In short, allowing DGRS to intervene in this action will facilitate, rather than "unduly delay or prejudice," the "adjudication of the original parties' rights" by providing a named plaintiff with standing to assert certain claims as originally pled in the Complaint. *See* Fed. R. Civ. P. 24(b)(3). DGRS's participation will ensure that its interests as well as the interests of other investors who purchased in the 2006-A7CB and 2006-AR19 Offerings are protected. The

prejudice to DGRS should intervention be denied, however, is apparent.  As the Court has already ruled that the current Lead Plaintiffs do not have standing to pursue the claims for investors who purchased in the 2006-A7CB and 2006-AR19 Offerings, those claims have been excluded from the litigation, foregoing any possibility for recovery for investors such as DGRS, despite the fact that its claims clearly share common questions of law and fact with other members of the Class.  *See Haddock*, 262 F.R.D. at 103 (forcing a class member who shares the same questions of law and fact with the other plaintiffs to "file a separate action would be unduly costly, repetitive, and inefficient").  Intervention is clearly warranted under these circumstances.

For example, in *Haddock* the court allowed a class member to intervene as a plaintiff and class representative where there was no named plaintiff with standing to assert a claim for injunctive relief against certain defendants.  262 F.R.D. at 102.[3]  The court noted that "it is the responsibility of this Court to 'undertake a stringent and continuing examination of the adequacy of representation by the named class representative at all stages of the litigation….'" *Id*. at 102 (*citing Nat'l Ass'n of Reg'l Med. Programs, Inc., v. Mathews*, 551 F.2d 340, 344-45 (D.C. Cir. 1976)); *see also In re NYSE Specialists Securities Litigation,* 240 F.R.D. 128, 133 (S.D.N.Y. 2007) ("Courts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members.") (internal quotations and citation omitted).

Similarly, in *Citizens for an Orderly Energy Policy, Inc. v. Suffolk County*, 101 F.R.D. 497 (E.D.N.Y. 1984), a plaintiff sought to intervene in an action where the defendants raised a

---

[3] Intervention was granted as of right pursuant to Rule 24(a), but the court also concluded that intervention was warranted on a permissive basis under Rule 24(b).  *See Haddock*, 262 F.R.D. at 101.

standing challenge with respect to the existing plaintiff. *Id*. at 500. In considering whether the proposed intervenor's interests were adequately being protected in the action, the court held:

> Here, defendants have challenged plaintiffs' standing to maintain this lawsuit. This challenge alone creates a serious possibility that plaintiffs may not adequately represent [the proposed intervenor].

*Id*. at 501. Accordingly, the court granted intervention.[4] The court explained, "[t]his Court believes we all benefit when every lawfully interested party is afforded the opportunity to express its thoughts and position before a court takes possibly dispositive action. Our system of jurisprudence requires it and parties appearing before this Court can expect nothing less." *Id*.

### 2. DGRS Has an Interest in this Action that Has Been Impaired and is Not Being Adequately Protected by Lead Plaintiffs

The type of interest necessary to support intervention under Rule 24(a)(2) is one which is "direct, substantial, and legally protectable." *Brennan v. New York City Board of Educ*., 260 F.3d 123, 129 (2d Cir. 2001). Here, DGRS has purchased Certificates in two Offerings with a total face value of approximately $383,485. The value of those Certificates dropped significantly. While Lead Plaintiffs purported to assert claims on behalf of investors, such as DGRS, in the 2006-A7CB and 2006-AR19 Offerings, those claims have now been dismissed by the Court for lack of standing. Accordingly, it is clear that the Lead Plaintiffs cannot adequately represent the interests of investors who purchased in those offerings. Absent intervention, DGRS's interests will continue to be impaired.

---

[4] As in *Haddock*, intervention in that case was granted pursuant to Rule 24(a), but the court noted that it would also have granted permissive intervention pursuant to Rule 24(b). *See Citizens for an Orderly Energy Policy*, 101 F.R.D. at 502.

### B. ALTERNATIVELY, DGRS SATISFIES THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24(b)(1)

Rule 24(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On timely motion, the court may permit anyone to intervene who: ... (B) has a claim or defense that shares with the main action a common question of law or fact.... In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B) and (3); *see also Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994) (finding permissive intervention proper where intervenors had claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties). The timeliness analysis with respect to permissive intervention is the same as for intervention as of right. *See Pitney Bowes*, 25 F.3d at 74.

For the reasons discussed above, DGRS's motion is timely and no party will suffer any prejudice as a result of intervention. Moreover, it is clear that the claims of DGRS and other Class members share common questions of law and fact. Indeed, they are the exact same claims that Lead Plaintiffs have already pled in the Complaint. As such, the claims share common factual and legal theories and are asserted against the same defendants. The common questions of law and fact shared by all parties include: (a) whether defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act; (b) whether the offering documents issued by defendants omitted and/or misrepresented material facts about the mortgages underlying the Certificates; and (c) the extent of damages suffered by members of the Class, and the appropriate measure thereof.

### III.  CONCLUSION

For the foregoing reasons, DGRS respectfully requests that the Court grant its motion to intervene.

Dated:  July 6, 2010  

                                       Respectfully submitted,

                                       **ZWERLING, SCHACHTER**
                                          **& ZWERLING,** LLP

                                      By:  s/  Robin F. Zwerling
                                           Robin F. Zwerling
                                           Jeffrey C. Zwerling
                                           Justin M. Tarshis
                                           41 Madison Avenue, 32nd Floor
                                           New York, NY 10010
                                           Telephone:  (212) 223-3900
                                           Facsimile:   (212) 371-5969
                                           rzwerling@zsz.com
                                           jzwerling@zsz.com
                                           jtarshis@zsz.com

                                         *Counsel for the General Retirement System of the City of Detroit*