# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ. 04583 (LAK) ECF CASE |
| This Document Relates To:<br>    ALL ACTIONS | |

## <u>AMENDED STIPULATION AND AGREEMENT OF PARTIAL SETTLEMENT</u>

This Stipulation and Agreement of Partial Settlement (the "Stipulation" or the "Partial Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Partial Settlement is entered into by the (i) Wyoming Retirement System and Wyoming State Treasurer ("Lead Plaintiffs"), on behalf of themselves, the Intervenor Plaintiffs and the proposed Settlement Class (as hereinafter defined), by and through their counsel; and the (ii) Settling Defendants (defined below), by and through their respective counsel (the "Settling Parties").

The Partial Settlement is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Released Claims (defined below), subject to the terms and conditions set forth below and final approval of the District Court. This Partial Settlement does not compromise, resolve, discharge or settle any of the claims pending against Non-Settling Defendants (defined below).

WHEREAS:

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below.

B.      On May 14, 2009, Police and Fire Retirement System of The City of Detroit ("DPFRS") filed a complaint against the Settling Defendants, and certain other defendants, in the United States District Court for the Southern District of New York, Case No. 09-cv-004583 (LAK) ("Detroit Action"), asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

C.      On June 29, 2009, Lead Plaintiffs filed an action in the Southern District of New York, Case No. 09-cv-5933 (LAK) ("Wyoming Action"), alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act.

D.      By Order filed July 29, 2009, the Court consolidated the Detroit Action and the Wyoming Action under a single docket number, 09-cv-04583 (the "Action").

E.      By the same July 29, 2009 Order, the Court appointed the Wyoming Retirement System and Wyoming State Treasurer as Lead Plaintiffs, and Berman DeValerio as lead counsel for the Action.

F.      On October 9, 2009, Lead Plaintiffs filed the consolidated class action complaint. On October 30, 2009, the Lead Plaintiffs filed an Amended Complaint.

G.      On November 23, 2009, all defendants moved to dismiss the Amended Complaint.[1]

H.      On February 5, 2010, the Court issued an Order dismissing all claims against the Rating Agency Defendants.[2]  On February 17, 2010, the Court held a hearing on the remaining motions to dismiss and indicated its intent to dismiss, for lack of standing, claims related to any offering in which Lead Plaintiffs did not purchase certificates.  On June 21, 2010, the Court issued a memorandum and order granting in part and denying in part defendants' motions to dismiss the consolidated class action complaint.  In its June 21, 2010 Order, the Court found that Lead Plaintiffs had adequately alleged violations of the Securities Act against IndyMac MBS, the Settling Defendants and those underwriters who participated in the Offerings purchased by Lead Plaintiffs (the "Remaining Defendants").  The Court also dismissed, *inter alia*, all claims based on any offering from which no named plaintiff purchased securities.

I.      On August 27, 2010, the Remaining Defendants filed their Answers.

J.      On September 14, 2010, the parties filed a joint Fed. R. Civ. P. 26(f) Report and Proposed Discovery Plan. On September 17, 2010, the Court held a conference to discuss scheduling and discovery and, on October 15, 2010, the Court entered a Scheduling Order.

---

[1] The initially named defendants were the Settling Defendants, the Non-Settling Defendants, the Rating Agency Defendants, Lynette Antosh, Raphael Bostic, Michael W. Perry, Bank of America Corp., HSBC Securities (USA) Inc., Goldman, Sachs & Co., Citigroup Global Markets Inc., and IndyMac Securities Corporation.  Other than the Settling Defendants and Non-Settling Defendants, all other defendants have been dismissed from this Action.

[2] Lead Plaintiffs appealed the dismissal of the Rating Agency Defendants.  The U.S. Court of Appeals for the Second Circuit affirmed the District Court's dismissal. *See Wyo. State Treasurer v. Moody's Investors Serv., Inc.*, 10-0898 (2d Cir. May 1, 2011).

K.     On October 18, 2010, the Court entered the negotiated Stipulation And Order For the Production And Exchange of Confidential Information.

L.     Discovery commenced in October 2010, and has continued since.  This included document production from the Remaining Defendants, Plaintiffs and third parties.

M.     Pursuant to the Court-ordered schedule, on December 20, 2010, Lead Plaintiffs filed a Motion for Class Certification ("Class Certification Motion").  On February 28, 2011, the Remaining Defendants filed an opposition to the Class Certification Motion.  Lead Plaintiffs filed their reply brief on April 8, 2011.  In connection with the pending motion for Class Certification, the parties have exchanged expert reports and taken/defended depositions of plaintiffs, third-parties and experts.  The motion for class certification is currently pending.

N.     On May 17, 2010, following the Court's February 17, 2010 hearing on defendants' motions to dismiss, City of Philadelphia Board of Pensions and Retirement ("Philadelphia"), Los Angeles County Employees Retirement Association ("LACERA"), Public Employees' Retirement System of Mississippi ("Miss PERS") and DPFRS, filed a motion to intervene as named plaintiffs to pursue, on behalf of themselves and other putative class members, claims based on numerous offerings in which Lead Plaintiffs had not invested.  On July 6, 2010, General Retirement System of the City of Detroit ("Detroit General" and, collectively with Philadelphia, LACERA, Miss PERS and DPFRS, "Intervenor Plaintiffs") filed a similar motion to intervene.

O.     On June 21, 2011, the Court issued its memorandum and order largely denying the motions to intervene, finding the claims barred under the applicable statute of repose and/or statute of limitations.  The Court permitted intervention only as to certain claims brought by DPFRS and Philadelphia, as well as limited claims asserted by LACERA and Miss PERS, which were later voluntarily dismissed in order to preserve appeal rights.

P.     Following the decision on intervention, LACERA, Miss PERS and Detroit General sought appeal of the decision.  These appeals are currently pending before the Second Circuit Court of Appeals.  *See General Retirement Sys. Of the City of Detroit v IndyMac MBS*, 11-2998;

3

*Police & Fire Ret. Sys. Of the City of Detroit v. IndyMac MBS*, 11-3036. These appeals involve issues related to the Non-Settling Defendants as well as the Settling Defendants. This Settlement is not contingent on or affected by any subsequent ruling(s) by the Second Circuit.

Q.     Following the partial grant of their motion to intervene, DPFRS and Philadelphia conferred with Lead Counsel and Counsel for all defendants and submitted a Stipulation and Proposed Order Revising the October 15, 2010 Schedule Order.  On August 15, 2011, Lead Plaintiffs, DPFRS and Philadelphia filed the Second Amended Consolidated Class Action Complaint, which Defendants answered on September 16, 2011.  Since that time the parties have continued to engage in discovery concerning the permitted intervenor claims and class certification issues.

R.     Lead Counsel, Settling Defendants' Counsel (and/or Settling Defendants' prior counsel) and counsel for the insurers who issued the D&O Insurance, together with counsel for, *inter alia*, the trustee of IndyMac's bankruptcy estate and the Federal Deposit Insurance Corporation, participated in an extensive mediation overseen by retired state court judge the Honorable Daniel Weinstein (Ret.).  The mediation was conducted over the course of over eighteen (18) months and included numerous in-person sessions, and telephonic and electronic communications ancillary thereto.

S.     On March 16, 2012, following lengthy mediation and negotiations with the assistance of Judge Weinstein, the Settling Parties and the insurers of the Individual Defendants' applicable D&O Insurance policies accepted a Mediator's Proposal to settle this action.

T.     Lead Counsel has conducted discovery relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed evidence adduced in discovery, including analyzing a substantial volume of documents from Defendants and third parties and examining witnesses, and has researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants, as well as the potential defenses thereto.

4

U.    Lead Counsel also has conducted an extensive legal and factual analysis of the Defendants' applicable Directors and Officers Liability insurance coverage (the "D&O Insurance"). Lead Counsel also has been permitted access to financial statements prepared and signed by each of the Settling Defendants, under penalty of perjury, containing good faith estimates of their respective financial conditions and net worth. The parties acknowledge that the Settling Defendants' warranties as to the accuracy of each of their respective financial statements constitute a material condition of the Partial Settlement and part of the consideration provided to Plaintiffs in this Partial Settlement. The information contained in these financial statements is confidential and sensitive. Such information shall not be used for any purpose other than related to this Partial Settlement, shall not be admissible into evidence against any Settling Defendant in any subsequent proceeding unrelated to this Partial Settlement, and shall not, directly or indirectly, be disclosed, distributed, publicized or made available or accessible to any individual or entity (including but not limited to the media) other than Lead Counsel, such other counsel that Settling Defendants permit, or *in camera* to the Judge presiding over this Action. Any compelled disclosure of such information shall be governed by the protective order entered by the Court on October 18, 2010. However, the parties agree such information cannot be shared with anyone other than those identified in ¶¶ 4(a), 4(b)(ii) and 4(d) of said Protective Order. If for any reason the Partial Settlement is not finally approved, Lead Counsel and anyone else having access to this information shall return or destroy any materials containing information provided in the financial statements prepared and signed by the Settling Defendants.

V.    Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Settlement Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the benefits that Plaintiffs and the members of the Settlement Class will receive from resolution of the Action as against the Settling Defendants, (ii) the attendant risks of litigation and collectability from any Settling

5

Defendants to satisfy a judgment; and (iii) the desirability of permitting the Partial Settlement to be consummated as provided by the terms of this Stipulation.

W.      This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Settling Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Settling Defendants have, or could have, asserted.  This Stipulation shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Action.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Settling Defendants, it is hereby:

STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and other conditions set forth herein, in consideration of the benefits flowing to the parties hereto, that the Action and all Released Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

### DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings specified below.

(a)      "Action" means the consolidated securities class action styled *In re IndyMac Mortgage-Backed Securities Litigation*, Civil Action No. 09 Civ. 04583 (LAK).

(b)      "Claims Administrator" shall mean any claims administrator selected by Lead Counsel.

(c)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to eligible Class Members.

(d)     "Class Member" or "Settlement Class Member" means a person or entity that is a member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(e)     "Complaint" means the Second Amended Class Action Complaint for Violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, filed by Lead Plaintiffs in the Action on August 15, 2011.

(f)     "Confirmatory Discovery" shall refer to those provisions set forth in ¶¶ 6-12 below.

(g)     "Confirmatory Discovery Materials" means any information, testimony, documents or other materials produced by the Settling Defendants under the terms of this Stipulation, including but not limited to any information transmitted orally.

(h)     "Court" or "District Court" means the United States District Court for the Southern District of New York.

(i)     "Defendants" means the Settling Defendants, the Non-Settling Defendants, the Rating Agency Defendants, Lynette Antosh, Raphael Bostic, Michael W. Perry, Bank of America Corp., HSBC Securities (USA) Inc., Goldman, Sachs & Co., Citigroup Global Markets Inc., and IndyMac Securities Corporation.

(j)     "Effective Date" means the first day following the day on which the settlement contemplated by this Partial Settlement shall become effective as set forth in ¶ 39 below.

(k)     "Escrow Account" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited.

(l)     "Escrow Agent" means Lead Counsel.

(m)     "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed,

7

after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the District Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Partial Settlement, the date that such Alternative Judgment is no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired *provided, however*, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

(n)    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Partial Settlement.

(o)    "Interim Expense" means any request for expenses as set out in ¶ 25 below.

(p)    "Intervenor Plaintiffs" shall mean City of Philadelphia Board of Pensions and Retirement ("Philadelphia"), Los Angeles County Employees Retirement Association ("LACERA"), Police and Fire Retirement System of The City of Detroit ("DPFRS"), Public Employees' Retirement System of Mississippi ("Miss PERS") and General Retirement System of the City of Detroit ("Detroit General").

(q)    "Investment Vehicle" means any investment company or pooled investment fund (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any of the Defendants have or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but in which any of the Defendants or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(r)    "Lead Counsel" or "Class Counsel" means the law firm of Berman DeValerio.

8

(s)    "Lead Plaintiffs" means the Wyoming Retirement System and Wyoming State Treasurer.

(t)    "Litigation Expenses" means the reasonable costs and expenses, including Interim Expenses, incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.   Litigation Expenses may also include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

(u)    "MBS" means mortgage-backed securities.

(v)    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and litigation expenses awarded by the District Court.

(w)    "Non-Settling Defendants" means:  IndyMac MBS; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; J.P. Morgan Securities Inc., in its own right and as successor-in-interest to Bear, Stearns & Co., Inc.; RBS Securities Inc., as successor to Greenwich Capital Markets, Inc.; Morgan Stanley & Co., Inc. and UBS Securities LLC as well as any other defendants later brought into the case.

(x)    "Notice" means the Notice of Pendency of Class Action and Proposed Partial Settlement, Settlement Fairness Hearing and Motion for Reimbursement of Litigation Expenses and Interim Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to members of the Settlement Class.

(y)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process.

(z)    "Offerings" means the following offerings of mortgage pass-through certificates: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust

9

2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2.

(aa)   "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶ 37 of this Partial Settlement, substantially in the form of Exhibit B attached hereto.

(bb)   "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(cc)   "Plaintiffs" means Lead Plaintiffs Wyoming Retirement System and Wyoming State Treasurer, as well as Miss PERS, LACERA, DPFRS, Philadelphia and Detroit General.

(dd)   "Plan of Allocation" means any plan of allocation as the Court shall approve.

(ee)   "Notice Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court, approving dissemination of the Notice and Publication

Notice to the Settlement Class and certifying the Settlement Class for purposes of partial settlement.

(ff)   "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-2, to be published as set forth in the Notice Order.

(gg)   "Rating Agency Defendants" means The McGraw Hill Companies, Inc., through its subsidiary Standard & Poor's, Moody's Investors Service, Inc. ("Moody's") and Fitch, Inc.

(hh)   "Released Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiffs, the Intervenor Plaintiffs or any other member of the Settlement Class (a) asserted in this Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of any MBS issued pursuant to the Offerings. "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts. Nothing herein shall be construed to suggest or imply that any derivative claims exist or have merit. "Released Claims" do not include: (i) claims to enforce the Partial Settlement; and (ii) claims against any Non-Settling Defendants.

(ii)   "Released Parties" means the Settling Defendants and their respective present or former spouses, immediate family members, heirs, attorneys (including Settling Defendants' counsel), agents, representatives, executors, estates, administrators, successors and assigns, and insurers.

(jj)   "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against the Released Parties, except for claims relating to the enforcement of the

11

Settlement, against all Plaintiffs in the Action, and their respective attorneys, or any other Settlement Class Member.

(kk)     "Settlement" or "Partial Settlement" means this Stipulation of Partial Settlement and the partial settlement contained herein.

(ll)     "Settlement Amount" means six million dollars ($6,000,000.00) in cash.

(mm)   "Settlement Class" or "Class" means

All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2.  Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(nn)     "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(oo)     "Settling Defendants" means S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth.

(pp)    "Settling Defendants' Counsel" means Eiseman Levine Lehrhaupt & Kakoyiannis, PC, and Fairbank & Vincent.

(qq)    "Settling Parties" means (i) Settling Defendants and (ii) Lead Plaintiffs on behalf of themselves, the Intervenor Plaintiffs and the Settlement Class.

(rr)    "Stipulation" means this Stipulation of Settlement.

(ss)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(tt)    "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(uu)    "Unknown Claims" means any and all Released Claims that Lead Plaintiffs, the Intervenor Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Partial Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Settling Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

13

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly fully, finally and forever settle and release – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally and forever settled and released – any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and the Settling Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Partial Settlement.

## CLASS CERTIFICATION

2.      The Settlement Class shall have the meaning set forth above in paragraph 1(mm). Solely for purposes of the Partial Settlement and for no other purpose, the Settling Defendants stipulate and agree to: (a) certification of the Settlement Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs and the Intervenor Plaintiffs as Class Representatives; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

14

## SCOPE AND EFFECT OF SETTLEMENT

3.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Settling Defendants and any and all Released Claims as against all Released Parties.

4.    (a)    Upon the Effective Date of this Partial Settlement, Plaintiffs and all other Settlement Class Members shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

(b)    Upon the Effective Date of this Partial Settlement, the Settling Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against all Plaintiffs in the Action and their respective attorneys, and any other Settlement Class Member.

## THE SETTLEMENT CONSIDERATION

5.    In consideration of the Settlement of claims asserted in this Action against the Settling Defendants, and subject to the terms and conditions of this Stipulation, the Settling Defendants shall cause to be paid from the proceeds of any available insurance policies for the period March 1, 2007 through March 1, 2008 (the "07-08 Policies") the Settlement Amount into the Escrow Account (established for the Settlement Fund by Lead Counsel for the benefit of the Settlement Class) within ten (10) business days of the entry of an order approving notice to the settlement class and certifying the class for purposes of partial settlement.  The Settlement Fund shall be invested or held as provided in ¶ 15 hereof.  The Parties expressly acknowledge and agree that: (1) the insurers under the 07-08 Policies shall be the sole source of funding of the Settlement Amount, (2) all obligations of the Settling Defendants with respect to the Settlement Amount are subject to the funding of such Settlement Amount by the insurers under the 07-08 Policies, and (3) the Settling Defendants shall under no circumstances have an independent obligation to fund such amount from their personal assets or any source other than the 07-08 Policies.

6.     The Settling Defendants agree to provide reasonable Confirmatory Discovery to Lead Plaintiff.  Confirmatory Discovery shall be for the purpose of confirming the reasonableness and adequacy of the Partial Settlement.  If for any reason the Partial Settlement is not finally approved and Plaintiffs renew prosecution of claims against the Settling Defendants, Plaintiffs shall return or destroy all Confirmatory Discovery Materials and may not use any evidence or information obtained solely from the Confirmatory Discovery provided by Settling Defendants as part of the Partial Settlement (as opposed to any other sources), whether transmitted orally or in writing, in their prosecution of Settling Defendants.

7.     Settling Defendants agree that their counsel of record will be amenable to making themselves available for meetings with the Lead Counsel to provide information concerning documents, witnesses, meetings, communications and events not covered by any privilege, attorney work product protection or other protections available under any applicable United States law, plus reasonable follow-up conversations.

8.     The Settling Parties and their counsel further agree that any statements made by Settling Defendants' counsel pursuant to the Confirmatory Discovery provisions of this Stipulation shall be protected by Federal Rule of Evidence 408, and that no such statements may be admitted into evidence against Settling Defendants in any subsequent proceeding in any forum.

9.     Upon reasonable notice to the Settling Defendants' Counsel, the Settling Defendants agree to use all reasonable efforts to make available for:  a) interviews, b) the review and/or preparation of declarations or affidavits, c) depositions, and/or d) appearance at trial, at a mutually agreed upon location, former officers and employees of IndyMac (collectively designated as "Potential Witnesses") who Lead Counsel reasonably believe in good faith possess relevant information.

10.     Settling Defendants agree to provide affidavits, declarations or responses to requests for admissions to authenticate and provide the business records foundation or comparable

16

foundation for admission into evidence of any Settling Defendants' and former IndyMac documents produced in this Action.

11.    All parties to this agreement and their counsel agree that all disputes, claims or controversies arising in connection with, pursuant to, or related to the Confirmatory Discovery terms of this Stipulation shall be submitted to the mediator, the Honorable Daniel Weinstein (Ret.), for a final resolution.    Settling Defendants further acknowledge that the Confirmatory Discovery terms comprised part of the consideration provided by the Settling Defendants under this Stipulation and further agree that, should the Court determine that Settling Defendants have affirmatively refused to comply with a reasonable request by Lead Plaintiffs and Lead Counsel, properly made under the terms of this Stipulation, the Court may order Settling Defendants to comply with the terms of this Stipulation and provide the Confirmatory Discovery required.

12.    From this date through the final conclusion of this litigation against all Non-Settling Defendants, including such time as after this Partial Settlement becomes Final, the Settling Defendants agree to make themselves available for service of process of discovery as if they were a party to the litigation.

## USE OF SETTLEMENT FUND

13.    The Settlement Fund shall be used to pay: (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and litigation expenses awarded by the District Court. The balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.  All costs and expenses incurred by or on behalf of the Plaintiffs and the other members of the Settlement Class associated with the Partial Settlement shall be paid from the Settlement Fund as awarded by the Court.  In no event shall the Released Parties bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

14.    After (a) the Partial Settlement becomes Final; and (b) the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants, the Settlement

Fund will be distributed in accordance with a plan consistent with this Stipulation that Lead Plaintiffs will submit at the appropriate time, subject to Court approval, and subject to any award of attorneys' fees and costs by the Court.

15.    Except as provided herein or pursuant to orders of the District Court, the Net Settlement Fund shall remain in the Escrow Account prior to the distribution. All funds held by the Escrow Agent shall be deemed to be in the custody of the District Court and shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the District Court. The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balance in the Escrow Account of less than $250,000.00 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the FDIC.

16.    The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 17 below. Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund. The Settling Defendants will provide to Lead

18

Counsel the statement described in Treasury Regulation § 1.468B-3(e).   Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

17.     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Partial Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses.  Lead Counsel, or its agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and, to the extent applicable, Treas. Reg. § 1.468B-2(l).  Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  Lead Counsel, or its agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses.  The parties hereto agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Stipulation.  The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents, as described herein.

18.     This is not a claims-made settlement.  As of the Effective Date, neither the Settling Defendants nor any insurer or other Person who paid any portion of the Settlement Fund on any of

19

their behalf, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 14 and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be donated to a non-profit charitable organization selected by Lead Plaintiffs and approved by the Court.

19.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Settlement Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of the Settling Defendants and/or their agents.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Notice Order or whatever other form or manner might be ordered by the Court.  The Settling Defendants agree to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

20.     Lead Counsel may pay up to $600,000 from the Escrow Account, without further approval from the Settling Defendants or further order of the Court, for reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching

20

for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court. In the event that the Partial Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to the Settling Defendants or to any insurer or other Person who paid any portion of the Settlement Fund. The finality of the Partial Settlement shall not be conditioned on any ruling by the District Court concerning the Plan of Allocation or any award of attorneys' fees or reimbursement of litigation expenses. Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Partial Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims. There shall be no distribution of any of the Settlement Fund to any Settlement Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

21.     Lead Counsel, on behalf of all Plaintiffs' Counsel, may apply to the Court for a collective award from the Settlement Fund of attorneys' fees, plus interest. Lead Counsel also may apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses, plus interest. Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4). Lead Counsel shall allocate the attorneys' fees and expense awards amongst Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

22.     The Released Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees or litigation expenses that the District Court may award in the Action or the

21

allocation of the fees and litigation expenses that Lead Counsel may make to other Plaintiffs' Counsel in connection with this Action or any other person who may assert some claim thereto.

23.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the District Court thereof, shall not be a condition of the Partial Settlement. Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the District Court separately from the District Court's consideration of the fairness and adequacy of the Partial Settlement. Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Partial Settlement or affect the release of the Released Claims or the Released Parties' Claims. The finality of the Partial Settlement shall not be conditioned on any ruling by the District Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

24.     The attorneys' fees and Litigation Expenses, as awarded by the District Court, shall be paid to Lead Counsel from the Escrow Account, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Partial Settlement or any part thereof.

25.     Upon Final Approval of this Partial Settlement, Lead Plaintiffs may, without objection from the Settling Defendants, but subject to prior Court approval, withdraw up to $2 million from the Escrow Account to defray current and future litigation expenses, including necessary expenses and expert fees, of prosecuting claims asserted against the Non-Settling Defendants ("Interim Expenses").

## CLAIMS ADMINISTRATOR

26.     The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the District Court, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith. Other than Settling

Defendants' agreement to assist in identifying potential Settlement Class Members as provided herein, Settling Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration or processing of claims or of the Partial Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim, the amounts of claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator. The Settling Defendants shall cooperate in the administration of the Partial Settlement to the extent reasonably necessary to effectuate its terms.

27.     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation later approved by this Court.

28.     The future allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Partial Settlement between the Settling Defendants and Lead Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Partial Settlement. The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Partial Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. Neither the Settling Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall the Settling Defendants object to the Plan of Allocation proposed by Lead Plaintiffs.

29.     Any Class Member who does not timely submit a valid Claim Form at the time later set by the Court will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Partial Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for therein, and

will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.

30.     Lead Counsel shall be responsible for supervising the administration of the Partial Settlement and disbursement of the Net Settlement Fund.  Neither the Settling Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Partial Settlement or disbursement of the Net Settlement Fund.  Neither the Settling Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

31.     Lead Counsel will apply to the Court, with reasonable notice to the Settling Defendants, for a Class Distribution Order, *inter alia*:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the conditions set forth in ¶ 14 above have occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

32.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Partial Settlement, including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

33.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## REQUESTS FOR EXCLUSION

34.    A Class Member requesting exclusion from the Settlement Class shall be requested to provide the following information to the Administrator:  (i) name, (ii) address, (iii) telephone number, (iv) identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such mortgage pass-through certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Partial Settlement.  Lead Plaintiffs shall request that the deadline for submitting requests for exclusion be 21 calendar days prior to the Final Approval Hearing.

35.    The Claims Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Settling Defendants' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of the partial settlement of the Action, Lead Counsel will cause to be provided a list of all the persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to Settling Defendants' Counsel.

### TERMS OF NOTICE ORDER
### IN CONNECTION WITH SETTLEMENT PROCEEDINGS

36.    Promptly after execution of this Stipulation, and no later than 7 days thereafter, Lead Plaintiffs, by and through Lead Counsel, with Settling Defendants' Counsel's consent, shall submit the Stipulation together with its Exhibits to the District Court and shall move for entry of the Notice Order substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

37.     Lead Plaintiffs, by and through Lead Counsel, with Settling Defendants' Counsel's consent, shall request that the District Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit B.  The Partial Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

38.     Simultaneously herewith, Lead Plaintiffs, by and through Lead Counsel, and the Settling Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Partial Settlement may be withdrawn or terminated at the discretion of Settling Defendants if potential Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Supplemental Agreement shall not be filed with the District Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, *in camera*, if so requested by the District Court or as otherwise ordered by the District Court.  The parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.  In the event of a withdrawal from this Partial Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Partial Settlement and this Stipulation are terminated, the provisions of ¶¶ 20, 41, 42 and 43 shall survive termination.  Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Settling Defendants to exercise their option to withdraw from the Partial Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

39.     The Effective Date of Settlement shall be the latest date when all of the following shall have occurred:

(a)     entry of the Notice Order;

(b)     approval by the District Court of the Partial Settlement following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(c)     entry by the District Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the District Court enters an Alternative Judgment and none of the parties hereto elects to terminate this Partial Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

40.     The Settling Defendants and Lead Plaintiffs each shall have the right to terminate the Partial Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the District Court declines to enter the Notice Order in any material respect; (b) the District Court refuses to grant final approval to this Partial Settlement or any material part of it; (c) the District Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an Alternative Judgment is vacated, modified or reversed in any material respect; (f) the Settling Defendants' respective financial statements, which constitute a material condition of the Partial Settlement and part of the consideration provided to Plaintiffs in this Partial Settlement, were materially inaccurate; (g) the Effective Date of Partial Settlement otherwise does not occur; or (h) any of the material terms of the Settlement, such as the payment of the Settlement Amount, is not satisfied.  The Settling Defendants may also terminate the Partial Settlement and this Stipulation pursuant to ¶ 38.  The

27

foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation.   In the event the Partial Settlement and this Stipulation are terminated, the provisions of ¶¶ 20, 41, 42 and 43 shall survive termination.

41.     Except as otherwise provided herein, in the event the Partial Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of March 16, 2012, and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of this Partial Settlement.

42.     Except as otherwise provided herein, in the event of a withdrawal or termination of this Settlement for any reason, including but not limited to the reasons set forth in paragraph 40, then the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to the insurer(s) that funded the Settlement Amount, including interest accrued thereon, within ten (10) business days.

## <u>NO ADMISSION OF WRONGDOING</u>

43.     Whether or not the Partial Settlement is approved by the Court, and whether or not the Partial Settlement is consummated, the fact and terms of this Stipulation, including Exhibits, all negotiations, discussions, drafts and proceedings in connection with the Partial Settlement, and any act performed or document signed in connection with the Partial Settlement:

(a)     shall not be offered or received against the Released Parties, Lead Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in

the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs and the other members of the Settlement Class;

(c)     shall not be offered or received against the Released Parties, Lead Plaintiffs or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Partial Settlement is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiffs or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

## MISCELLANEOUS PROVISIONS

44.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

45.    The Settling Parties intend this Partial Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Plaintiffs or any other Class Member(s) against all Released Parties with respect to all Released Claims.  If and when the Order and Final Judgment is entered and the Effective Date occurs, the Settling Defendants, LACERA, Miss PERS and Detroit General will file a joint notice or motion dismissing their pending appeals before the Second Circuit Court of Appeals as to the Settling Defendants only.

46.    As a material condition of the Partial Settlement, the Order and Final Judgment shall include a bar order that permanently bars, enjoins and restrains:

(a)  Any and all persons and entities (including but not limited to Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Settling Defendants for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related to the claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to the Plaintiffs), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or Unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued.  All such

30

claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.

(b)   the Settling Defendants from asserting any claim against any person or entity (including the Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) for indemnity or contribution, however denominated, seeking the recovery of all or any part of the settlement amount paid to the Plaintiffs or the cost of defending this Action, provided, however, that nothing herein shall be deemed to bar or enjoin the Settling Defendants from obtaining insurance coverage for the Settlement Amount.

47.     Any person or entity so barred and enjoined shall be entitled to appropriate judgment reduction in accordance with applicable statutory or common law rule to the extent permitted under the Securities Act for the claims alleged herein.

48.     Absent final Court approval of the bar order specified in paragraph 46 above, the Settling Defendants shall be entitled to terminate or withdraw from the Partial Settlement unilaterally and without penalty as provided for under the terms set forth herein.

49.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

50.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.     Neither the Stipulation nor the Partial Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Partial Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding

or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Partial Settlement or the Order and Final Judgment.

52.    The parties to this Stipulation intend the Partial Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Released Parties with respect to the Released Claims. Accordingly, Plaintiffs and Settling Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis. The parties to this Stipulation agree that the amount paid and the other terms of the Partial Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

53.    While retaining their right to deny that the claims asserted in the Action were meritorious, the Settling Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and the Settling Defendants shall refrain from any accusations of wrongful or actionable conduct by either party concerning the prosecution and resolution of the Action, and shall not otherwise suggest that the Partial Settlement constitutes an admission of any claim or defense alleged.

54.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

55.    This Stipulation and its Exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits and Supplemental Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

56.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

57.     The parties hereto and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the District Court required by this Stipulation.

58.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Lead Plaintiffs or Settling Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

59.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

60.     Notices required by this Stipulation shall be submitted either by any form of overnight mail, electronic e-mail, facsimile, or in person to each of the signatories below.

61.     The administration, consummation and enforcement of the Partial Settlement as embodied in this Stipulation shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation and the Partial Settlement.

62.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

63.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for

one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of July 31, 2012.

BERMAN DEVALERIO

Joseph J. Tabacco, Jr. (JT-1994)
Nicole Lavallee (*pro hac vice*)
One California Street, Suite 900
San Francisco, CA 94111
Tel:  (415) 433-3200
Fax:  (415) 433-6382
jtabacco@bermandevalerio.com
nlavallee@bermandevalerio.com

Patrick T. Egan (PE-6812)
One Liberty Square
Boston, MA 02109
Tel.:  (617) 542-8300
Fax:  (617) 542-1194
pegan@bermandevalerio.com

*Lead Counsel for Lead Plaintiffs*
*Wyoming State Treasurer and*
*Wyoming Retirement System*

FAIRBANK & VINCENT

Robert H. Fairbank (*pro hac vice*)
Kimberly M. West (*pro hac vice*)
444 South Flower Street, Suite 3860
Los Angeles, CA 90071
Tel:  (213) 891-9010
Fax:  (213) 891-9011
rfairbank@fairbankvincent.com
kwest@fairbankvincent.com

*Attorneys for Defendant*
*S. Blair Abernathy*

EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.

Eric R. Levine
Eric Aschkenasy
805 Third Avenue, 10th Floor
New York, NY 10022
Tel:  (212) 752-1000
Fax:  (212) 355-4608
elevine@eisemanlevine.com
easchkenasy@eisemanlevine.com

*Attorneys for Defendants*
*John Olinski, Samir Grover,*
*Simon Heyrick and Victor Woodworth*

34

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.04583 (LAK) |
|  | ECF CASE |
| This Document Relates To:<br><br>ALL ACTIONS |  |

## [EXHIBIT A TO AMENDED STIPULATION]

## [PROPOSED] ORDER CERTIFYING THE CLASS FOR PURPOSES OF PARTIAL SETTLEMENT AND APPROVING NOTICE TO THE SETTLEMENT CLASS

**WHEREAS:**

A.     Lead Plaintiffs, Wyoming Retirement System and Wyoming State Treasurer, on behalf of themselves, the Intervenor Plaintiffs and the Settlement Class, and defendants S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, the "Settling Defendants") (with Lead Plaintiffs, the "Settling Parties") have entered into a partial settlement of the claims asserted in the Action, the terms of which are set forth in the Amended Stipulation and Agreement of Partial Settlement (the "Amended Stipulation" or the "Partial Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed partial settlement of the claims asserted in the Action on the merits and with prejudice as against the Settling Defendants only; and

B.      The Court having read and considered the Amended Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Publication Notice; and (iii) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Amended Stipulation.

2.      The Court hereby certifies, for settlement purposes only (and without an adjudication of the merits), pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2. Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class

2

are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Partial Settlement only, the following plaintiffs are appointed as the Class Representatives: Wyoming Retirement System and Wyoming State Treasurer, City of Philadelphia Board of Pensions and Retirement, Los Angeles County Employees Retirement Association, Police and Fire Retirement System of The City of Detroit, Public Employees' Retirement System of Mississippi and General Retirement System of the City of Detroit; and Berman DeValerio is appointed as Class Counsel for the Settlement Class.

4.      The Court   shall conduct a final approval hearing at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on or after ninety (90) days following funding of the Partial Settlement at a date and time to be later specified (the "Settlement Hearing" or "Final Approval Hearing").  The purposes of this hearing shall be:

         (a)     to determine whether the proposed Partial Settlement on the terms and conditions provided for in the Amended Stipulation is fair, reasonable and adequate, and should be approved by the Court;

         (b)     to determine whether the Order and Final Judgment as provided for under the Amended Stipulation should be entered, dismissing the Action as to Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Amended Stipulation, should be ordered;

         (c)     to determine whether the application by Lead Counsel for reimbursement of litigation expenses incurred and an Interim Expense Award should be approved; and

3

(d)    to rule upon such other matters as the Court may deem appropriate.

5.    Lead Counsel has the authority to enter into the Amended Stipulation on behalf of the Lead Plaintiffs, on behalf of themselves and the Settlement Class, and is authorized to act on behalf of the Lead Plaintiffs and Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Amended Stipulation, such as other acts that are reasonably necessary to consummate the Partial Settlement.

6.    The Court approves the form, substance and requirements of the Notice and the Publication Notice (together, the "Notices"); and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.   Under no circumstances shall any Settlement Class Member be relieved from the terms of the Partial Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

7.    Lead Counsel shall cause the Notice, substantially in the form annexed hereto as Exhibit A-1, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after the later of: (i) the funding of the Partial Settlement; and (ii) this Court's setting a specific date and time for the Settlement Hearing, to all Settlement Class Members at the address of each such person, as set forth in the records of IndyMac, its transfer agent(s) or the trustee for the Offerings.   Pursuant to the Amended Stipulation, the Settling Defendants shall cooperate

reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

8.     Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit A-2, to be published once each in the national edition of *The Wall Street Journal* and/or *Investor's Business Daily* and over the *PR Newswire* within five (5) calendar days of the mailing of the Notice.

9.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and proof of publication of the Publication Notice.

10.     To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or its agents shall lease and maintain a post office box of adequate size for the return of relevant mailing.  The Notice shall designate said post office box as the return address for the purposes designated in the Notice.  Lead Counsel or its agents shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

11.     Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners.  Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly

send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Net Settlement Fund.

12. The Court approves the selection of Rust Consulting, Inc. by Lead Counsel as the Claims Administrator. Lead Counsel may pay up to $600,000 from the Escrow Account, without further approval from the Settling Defendants or further order of the Court, for all reasonable Notice and Administration Costs actually incurred. Such costs and expenses may include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court.

13. Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Amended Stipulation without further order of the Court.

6

14.     Lead Counsel shall submit its papers in support of final approval of the Partial Settlement and the application for attorneys' fees and reimbursement of litigation expenses by no later than thirty-five (35) calendar days before the Settlement Hearing.

15.     Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request must mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re IndyMac Mortgage-Backed Securities Litigation Settlement*, Civil Action No. 09 Civ. 004583 (LAK), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (ii) prices or other consideration paid or received for such mortgage pass-through certificates, (iii) the date of each purchase or sale transaction; and (iv) proper evidence of the transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Amended Stipulation and Settlement Notice.

17.     Any member of the Settlement Class who has not requested exclusion from the

Settlement Class may appear at the Settlement Hearing to show cause why the proposed Partial

Settlement should not be approved as fair, reasonable and adequate; why a judgment should not

be entered thereon; or why Lead Counsel's application for reimbursement of litigation expenses

incurred to date and an Interim Expense Award should not be granted, *provided, however,* that

no member of the Settlement Class shall be heard or entitled to contest the approval of the terms

and conditions of the proposed Partial Settlement, the Order and Final Judgment to be entered

approving the same or the attorneys' fees and reimbursement of litigation expenses requested,

unless no later than twenty-one (21) calendar days before the Settlement Hearing, such

Settlement Class Member has served by hand or by overnight delivery written objections setting

forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel,

Patrick T. Egan, Esq., Berman DeValerio, One Liberty Square, Boston, Massachusetts 02109,

and the Settling Defendants' Counsel[1] (the "Settling Defendants' Counsel"), and has filed said

objections, papers and briefs, showing due proof of service upon Lead Counsel and the Settling

Defendants' Counsel, with the Clerk of the United States District Court for the Southern District

of New York, 500 Pearl Street, New York, New York 10007.  Any objection must include:

(a) the full name, address, and phone number of the objecting Class Member; (b) a list and

documentation of all of the Class Member's transactions involving IndyMac mortgage pass-

through certificates included in the Settlement Class definition, including brokerage confirmation

receipts or other competent documentary evidence of such transactions, including the amount

and date of each purchase or sale and the prices paid and/or received; (c) a written statement of

---

[1] Settling Defendants' Counsel are:  1) Robert Fairbank, Esq., Fairbank & Vincent, 444 South Flower Street, Suite 3860, Los Angeles, CA 90071; and 2) Eric R. Levine, Esq., Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., 805 Third Avenue, New York, NY 10022.

all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Partial Settlement, and/or to Lead Counsel's application for reimbursement of litigation expenses and an Interim Expense Award, and who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, exhibits they intend to introduce into evidence at the Settlement Hearing. Should any objections be received, reply papers must be filed no later than seven (7) calendar days before the Settlement Hearing.

18.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Partial Settlement, the Order and Final Judgment to be entered approving the Partial Settlement, or the attorneys' request for reimbursement of litigation expenses and an Interim Expense Award.

19.    In order to avoid duplicative expenses to the Class, distribution of the Net Settlement Fund generated by this Partial Settlement will be delayed until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Class.  At that time, Lead Plaintiffs must file with this Court a motion for approval of a Plan of Allocation, which will set forth how all settlement funds (including the Net Settlement Fund and any other funds later recovered) are to be allocated

9

among members of the Settlement Class for approval of this Court and which will describe the claims submission and review process.

20.     The administration of the proposed Partial Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall remain under the authority of this Court.

21.     The Court expressly reserves the right to adjourn the Settlement Hearing without any further notice to Settlement Class Members other than an announcement at the Settlement Hearing, and to approve the Amended Stipulation and/or a Plan of Allocation with modification approved by the parties to the Amended Stipulation without further notice to Settlement Class Members.  The Court further reserves the right to enter its Order and Final Judgment approving the Partial Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendants, regardless of whether it has approved a Plan of Allocation or awarded attorneys' fees and reimbursement of litigation expenses.

22.     None of the Settling Defendants, nor any other Released Party, shall have any responsibility whatsoever for any Plan of Allocation nor for any application for attorneys' fees, for an Interim Expense Award or for reimbursement of litigation expenses submitted by Lead Counsel that may be submitted in connection with final approval of this Proposed Partial Settlement or at a later date, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Partial Settlement.

23.     In the event the Partial Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the Amended Stipulation), the Amended Stipulation, except as otherwise provided therein, including any amendment(s) thereto,

10

and this Order, including but not limited to the certification of the Settlement Class provided in paragraph (2) herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the parties to the Amended Stipulation shall be restored to their respective positions in the Action immediately before March 16, 2012, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Amended Stipulation and any related orders had not been entered, and the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to the insurer(s) that funded the Settlement Amount, including interest accrued thereon, within ten (10) business days.

24.     Pending determination of whether the Partial Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Partial Settlement.

Dated: New York, New York
            _____, 2012


                                        _____
                                        HONORABLE LEWIS A. KAPLAN
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.-04583 (LAK) |
| | ECF CASE |
| This Document Relates To: | |
| ALL ACTIONS | |

## [EXHIBIT A-1 TO AMENDED STIPULATION]

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED PARTIAL SETTLEMENT, SETTLEMENT FAIRNESS HEARING AND MOTION FOR REIMBURSEMENT OF LITIGATION EXPENSES AND INTERIM EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired beneficial interests in any of the following Certificates and were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4;

IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2.[1]

NOTICE OF PARTIAL SETTLEMENT: Please also be advised that Lead Plaintiffs, Wyoming Retirement System and Wyoming State Treasurer (the "Lead Plaintiffs"), on behalf of the Settlement Class (as defined in ¶ 1 below), have reached a proposed partial settlement (the "Partial Settlement") of the Action for a total of $6 million in cash that will resolve all claims in the Action against defendants S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, the "Settling Defendants") on the terms set forth below.

This Notice explains important rights you may have, including your possible receipt of cash from the Partial Settlement. Your legal rights will be affected whether or not you act. PLEASE READ THIS NOTICE CAREFULLY!

    1.   **Description of the Action and the Settlement Class**: This Notice relates to a proposed Partial Settlement of a class action lawsuit with only the following defendants: S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, the "Settling Defendants"). The Partial Settlement does not affect or compromise any claims asserted and ongoing against Non-Settling Defendants.[2] The proposed Partial Settlement, if approved by the Court, will apply to the following Class (the "Settlement Class"): all persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust

---

[1]  All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Amended Stipulation and Agreement of Partial Settlement (the "Amended Stipulation").

[2]  The Non-Settling Defendants are: IndyMac MBS, Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; J.P. Morgan Securities Inc., in its own right and as successor-in-interest to Bear, Stearns & Co., Inc.; RBS Securities Inc (as successor to Greenwich Capital Markets, Inc.); Morgan Stanley & Co., Inc. and UBS Securities LLC as well as any other defendant(s) later brought into the case.

2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2.[3]

2.   **Statement of Settlement Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 50-54 below, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Claims (as defined in ¶ 51 below) against the Settling Defendants and other Released Parties (as defined in ¶ 52 below) in exchange for a settlement payment of $6 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Gross Settlement Fund") and certain other terms. The Settlement Fund less all taxes, Notice and Administration Costs, and attorneys' fees and litigation expenses awarded to Lead Counsel (the "Net Settlement Fund") will be distributed to Class Members in accordance with a plan of allocation (the "Plan of Allocation") that will be submitted and approved by the Court at a later time.  Specifically, in order to avoid duplicative expenses to the Class, it is the Lead Plaintiffs' intention to delay payment of the Net Settlement Fund generated by this Partial Settlement until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Class.  Thus, the Net Settlement Fund will not be distributed until after the Partial Settlement becomes final and after the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.  At that time, Lead Plaintiffs will seek Court approval of a Plan of Allocation, which will set forth how all settlement funds (including the Net Settlement Fund and any other funds later recovered) are to be allocated among members of the Settlement Class.

3.   **Statement of Average Distribution Per $1,000 in Initial Certificate Value:** The Gross Settlement Fund consists of $6 million plus interest earned. Based on the total initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal pay downs received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, the estimated average distribution before reimbursement of expenses and payment of Court-approved attorneys' Interim Expense Award, discussed below, is $0.30 per $1,000 in initial certificate value of the IndyMac Certificates. Class Members may recover more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable date of first suit, the number of Class Members who timely file Claims and the Plan of Allocation, as more fully described below in this Notice.

4.   **Statement of the Parties' Position on Damages:** Settling Defendants deny all claims of wrongdoing and deny that they are liable to Lead Plaintiffs and/or the Settlement Class or that Lead Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of

---

[3]   Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth herein.

damages per certificate that would be recoverable if Lead Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether the Settling Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Litigation Expenses Sought:** Prior to final distribution of funds, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 18% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the expenses of the named Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

As noted above, in order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Fund until not only after the Partial Settlement becomes final but also after the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants. As such, Lead Counsel does not intend to request payment of their fees at this time. Rather, at this time Lead Counsel will request only that the Court allow Lead Counsel to receive reimbursement of prior expenses and be allowed to draw from the Settlement Fund to pay for future expenses necessary to prosecute remaining claims against the Non-Settling Defendants in an amount not to exceed $2 million ("Interim Expense Award"). Any Interim Expense Award granted by the Court will be an advance of (and not in addition to) any final fee or expense awarded following resolution of all claims against Non-Settling Defendants. Based on the total initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal paydowns received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, if the Court approves Lead Counsel's Interim Expense Award and Lead Counsel incur $2 million in expenses, the estimated average cost is $0.10 per $1,000 in initial certificate value of the IndyMac Certificates. The actual cost may be more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable date of first suit, the number of Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in this Notice.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are being represented by Berman DeValerio. Any questions regarding the Partial Settlement should be directed to Patrick T. Egan, Esq. at Berman DeValerio, One Liberty Square, Boston, MA 02109, (800) 516-9926, ----@bermandevalerio.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE PARTIAL SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS.** | This is the only way to get a payment. If you wish to obtain a payment as a member of the Settlement Class, you do not need to take any steps now, but upon further notice, will need to file a claim form (the "Claim Form"). If you fail to complete the Claim Form at that time, you will get no payment, but remain a class member and give up your rights.<br><br>In the interim, we advise that you provide updated contact information to the Claims Administrator at the email or address below. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Receive no payment pursuant to this Partial Settlement. This is the only option that allows you to ever be part of any other lawsuit against any of the Settling Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **OBJECT TO THE PARTIAL SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN _____.** | Write to the Court and explain why you do not like the proposed Partial Settlement or any request for attorneys' fees and reimbursement of expenses. You cannot object to the Partial Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON _____ AT \_:\_ \_ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Ask to speak in Court about the fairness of the Partial Settlement or any request for attorneys' fees and reimbursement of expenses. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? .................................................... Page
What Is This Case About? What Has Happened So Far? ........ Page
How Do I Know If I Am Affected By The Partial Settlement? ... Page
What Are The Lead Plaintiffs' Reasons For The Partial Settlement? ... Page
What Might Happen If There Were No Partial Settlement? ...... Page
How Much Will My Payment Be? ............................................ Page
What Rights Am I Giving Up By Agreeing To The Partial Settlement? ... Page
What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid? ............................................. Page

How Do I Participate In The Partial Settlement? What Do I Need To Do?          Page
What If I Do Not Want To Be Part Of The Settlement?  How Do I Exclude Myself?   Page
When And Where Will The Court Decide Whether To Approve The Partial Settlement?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I
    Don't Like The Partial Settlement?                                        Page
What If I Bought Shares On Someone Else's Behalf?                              Page
Can I See The Court File? Who Should I Contact If I Have Questions?            Page

| **WHY DID I GET THIS NOTICE?** |
|---|

7.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired the securities described above. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Partial Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives or lead plaintiffs, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Partial Settlement? How Do I Exclude Myself?" located below.) In the Action, the Court has directed that Lead Plaintiffs and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors in the mortgage-backed securities described above.

9.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re: IndyMac Mortgage-Backed Securities Litigation*, Civil Action No. 09 Civ. 004583 (LAK) (the "Action"). The Judge presiding over this case is the Honorable Lewis A. Kaplan, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the primary plaintiffs are referred to as the Lead Plaintiffs, on behalf of themselves and the Class, and the defendants are certain investment banks that underwrote the Offerings (the "Underwriter Defendants"), IndyMac MBS and the Individual Defendants.  IndyMac Bank, the Sponsor, Seller and initial Servicer of the Certificates, filed for bankruptcy protection on July 31, 2008 and, as such, is not a party to this Action.  This Partial Settlement is with the Individual Defendants only.  The action against the Underwriter Defendants and IndyMac MBS continues.

10.     This Notice explains the lawsuit, the Partial Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Partial Settlement if you wish to do so. It also is being sent to inform

you of the terms of the proposed Partial Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Partial Settlement and the application by Lead Counsel for reimbursement of expenses incurred to date and payment of an Interim Expense Award (the "Settlement Hearing").

11.     The Settlement Hearing will be held on _____, at _____ __.m., before the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, New York 10007, to determine:

      (i)     whether the proposed Partial Settlement on the terms and conditions provided for in the Amended Stipulation and Agreement of Partial Settlement (the "Amended Stipulation") is fair, reasonable and adequate, and should be approved by the Court;

      (ii)    whether a judgment should be entered dismissing the Action as to the Settling Defendants, on the merits and with prejudice, and whether the release by the Settlement Class of the Released Claims against the Released Parties (as defined in ¶¶ 51-53 below) should be ordered; and

      (iii)   whether Lead Counsel's application for reimbursement of litigation expenses incurred and payment of an Interim Expense Award should be approved by the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Partial Settlement. If the Court approves the Partial Settlement, payments to Authorized Claimants will not be made immediately. Instead, as discussed above, in order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Amount until after both the Partial Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants. Moreover, any distribution will not be paid until after any appeals are resolved, and after the completion of all claims processing. Please be patient.

---

### WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

---

13.     This action arises from the sale of 28 mortgage-backed certificates that were issued by IndyMac Bank and sold by the Underwriter Defendants. IndyMac Bank, the Sponsor, Seller and initial Servicer of the Certificates, filed for bankruptcy protection on July 31, 2008 and, as such, is not a party to this Action.

14.     On May 14, 2009, plaintiff City of Detroit Police & Fire Retirement System ("DPFRS") filed a complaint against the Settling Defendants, and certain other defendants, in the United States District Court for the Southern District of New York, Case No. 09-cv-004583 (LAK) ("Detroit Action"), asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

7

15.    On June 29, 2009, Lead Plaintiffs filed an action in the Southern District of New York, Case No. 09-cv-5933 (LAK) ("Wyoming Action"), alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act.

16.    By Order filed July 29, 2009, the Court consolidated the Detroit Action and the Wyoming Action under a single docket number, 09-cv-04583 (the "Action").

17.    By the same July 29, 2009 Order, the Court appointed Wyoming Retirement System and Wyoming State Treasurer as Lead Plaintiffs and Berman DeValerio as Lead Counsel for the Action.

18.    On October 9, 2009, Lead Plaintiffs filed the consolidated class action complaint. On October 30, 2009, the Lead Plaintiffs filed an amended consolidated complaint (the "Amended Complaint").

19.    On November 23, 2009, all defendants moved to dismiss the Amended Complaint.

20.    On February 5, 2010, the Court issued an Order dismissing all claims against the rating agency defendants.[4]    On February 17, 2010, the Court held a hearing on the remaining motions to dismiss and indicated its intent to dismiss, for lack of standing, claims related to any offering in which Lead Plaintiffs did not purchase certificates.  On June 21, 2010, the Court issued a memorandum and order granting in part and denying in part defendants' motions to dismiss the Amended Complaint.  In its June 21, 2010 Order, the Court found that Lead Plaintiffs had adequately alleged violations of the Securities Act against IndyMac MBS, the Settling Defendants and those underwriters who participated in the Offerings purchased by Lead Plaintiffs (the "Remaining Defendants").  The Court also dismissed, *inter alia*, all claims based on any offering from which no named plaintiff purchased securities.

21.    On August 27, 2010, Remaining Defendants filed their Answers.

22.    On September 14, 2010, the parties filed a joint Fed. R. Civ. P. 26(f) Report and Proposed Discovery Plan. On September 17, 2010, the Court held a conference to discuss scheduling and discovery and on October 15, 2010, the Court entered a Scheduling Order.

23.    On October 18, 2010, the Court entered the negotiated Stipulation And Order For the Production And Exchange of Confidential Information.

24.    Discovery commenced in October 2010, and has continued since.  This included document production from Remaining Defendants, Plaintiffs and third parties.

25.    Pursuant to the Court-ordered schedule, on December 20, 2010, Lead Plaintiffs filed a Motion for Class Certification ("Class Certification Motion").  On February 28, 2011, the

---

[4]  The rating agency defendants were: The McGraw Hill Companies, Inc., through its subsidiary Standard & Poor's, Moody's Investors Service, Inc. and Fitch, Inc.  Lead Plaintiffs appealed the dismissal of the rating agency defendants.  The U.S. Court of Appeals for the Second Circuit affirmed the District Court's dismissal.  *See Wyo. State Treasurer v. Moody's Investors Serv., Inc.*, 10-0898 (2d Cir. May 1, 2011).

Remaining Defendants filed an opposition to the Class Certification Motion. Lead Plaintiffs filed their reply brief on April 8, 2011. In connection with the pending motion for Class Certification, the parties have exchanged expert reports and taken/defended depositions of Lead Plaintiffs, third-parties and experts. The motion for class certification is currently pending.

26.     On May 17, 2010, following the Court's February 17, 2010 hearing on defendants' motions to dismiss, DPFRS, City of Philadelphia Board of Pensions and Retirement ("Philadelphia"), the Los Angeles County Employee Retirement Association ("LACERA") and Public Employees' Retirement System of Mississippi ("Miss PERS") filed a motion to intervene as named plaintiffs to pursue, on behalf of themselves and other putative class members, claims based on numerous offerings in which Lead Plaintiffs had not invested. On July 6, 2010, the General Retirement System of Detroit ("GRS") filed a similar motion to intervene.

27.     On June 21, 2011, the Court issued its memorandum and order largely denying the motions to intervene, finding the claims barred under the applicable statute of repose and/or statute of limitations. The Court permitted intervention only as to certain claims brought by Detroit and Philadelphia, as well as limited claims asserted by LACERA and Miss PERS, which were later voluntarily dismissed in order to preserve appeal rights.

28.     Following the decision on intervention, LACERA, Miss PERS and GRS sought appeal of the decision. These appeals are currently pending before the Second Circuit Court of Appeals. *See General Retirement Sys. Of the City of Detroit v IndyMac MBS*, 11-2998; *Police & Fire Ret. Sys. Of the City of Detroit v. IndyMac MBS*, 11-3036. These appeals involve issues related to the Non-Settling Defendants as well. This Partial Settlement is not contingent on or affected by any subsequent ruling(s) by the Second Circuit.

29.     Following the partial grant of their motion to intervene, DPFRS and Philadelphia conferred with Lead Counsel and Counsel for all defendants and submitted a Stipulation and Proposed Order Revising the October 15, 2010 Scheduling Order. On August 15, 2011, Lead Plaintiffs, DPFRS and Philadelphia filed the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint"), which defendants answered on September 16, 2011. Since that time the parties have continued to engage in discovery concerning the permitted intervenor claims and class certification issues.

30.     On July 26, 2012, following lengthy mediation and negotiations with the assistance of a former state court judge, the Honorable Daniel Weinstein (Ret.), the Settling Parties executed the Stipulation of Partial Settlement.

31.     In connection with the prosecution of this Action, Lead Counsel has conducted discovery relating to the claims and the underlying events and transactions alleged in the Second Amended Complaint. Lead Counsel has analyzed evidence produced in discovery, including analyzing over 1.2 million pages of documents received from defendants and third parties and examined or defended 7 witnesses in deposition.

32.     Lead Counsel has also conducted an extensive legal and factual analysis of the Defendants' applicable Directors and Officers Liability insurance coverage (the "D&O Insurance"). Lead Counsel has also been permitted access to financial statements prepared and

9

signed by each of the Settling Defendants, under penalty of perjury, containing good faith estimates of their respective financial conditions and net worth.

33.    Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Amended Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Settlement Class..

34.    On ___, the Court authorized this Notice to be sent to potential Class Members, certified the class for purposes of partial settlement and scheduled the Settlement Hearing to consider whether to grant final approval of the Partial Settlement.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE PARTIAL SETTLEMENT?

---

35.    If you are a member of the Class, you are subject to the Partial Settlement unless you timely request to be excluded. The Class consists of all persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2.  Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in this Notice (*see* section below entitled "What If I Do Not Want To Participate In The Class And The Partial Settlement? How Do I Exclude Myself?").

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE PARTIAL SETTLEMENT.**

## WHAT ARE THE LEAD PLAINTIFFS' REASONS FOR THE PARTIAL SETTLEMENT?

36. Lead Plaintiffs and Lead Counsel believe that the claims asserted against the Settling Defendants have merit. Lead Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendants through trial and appeals, as well as the difficulties in establishing liability. Lead Plaintiffs and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one. Lead Plaintiffs and Lead Counsel have also considered the benefit of a partial settlement now, in light of the risks that the Settling Defendants or their insurers could not satisfy a judgment materially larger than the Settlement Amount, and of their evaluation of the reduced amount of insurance that may be available after trial.

37. In light of the risks of collecting any sums after a trial and the amount of the Partial Settlement to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Partial Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiffs and Lead Counsel also believe that the Partial Settlement provides a substantial benefit now, namely the agreement of the Settling Defendants to provide confirmatory discovery, as detailed in the Stipulation of Partial Settlement, as well as the payment of $6 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

38. The Settling Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action. The Settling Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. The Settling Defendants have also contended by way of defense that all or a portion of the alleged damages to the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions asserted in the Action and that such damages are not recoverable. The Settling Defendants have further contended, among other things, that the claims are barred by the statute of limitations as to all or some of the members of the Class. The Settling Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Class have suffered any damage, or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Action. The Settling Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this. Nonetheless, the Settling Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Amended Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO PARTIAL SETTLEMENT?

39. If there were no Partial Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against the Settling Defendants, neither Lead

Plaintiffs nor the Class would recover anything from the Settling Defendants. Also, if the Settling Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Partial Settlement, or nothing at all. Moreover, there is also a risk that there would be no funds available to satisfy any judgment obtained in this case after trial and appeal.

---

### HOW MUCH WILL MY PAYMENT BE?  WHEN WILL I RECEIVE IT?

---

40.     The Settling Defendants have agreed to pay Six Million Dollars ($6,000,000) in cash into escrow for the benefit of the Class. At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Partial Settlement.

41.     As noted earlier, in order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Funds until after the Partial Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.   At that time, Lead Plaintiffs will request that the Court authorize additional Notice to the Class, including sending Claim Forms that must be completed by eligible Class Members in order to receive recovery under the Partial Settlement.

42.     The $6 million settlement amount, and the interest earned thereon, will constitute the Gross Settlement Fund. The Net Settlement Fund will be distributed based on the acceptable Claim Forms submitted by members of the Settlement Class ("Authorized Claimants") after the final settlement or other disposition of claims against the Non-Settling Defendants. The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Claim Forms under the Plan of Allocation later approved by the Court.

43.     Your share of the Net Settlement Fund will depend on the aggregate number of IndyMac mortgage pass-through certificates (represented by valid and acceptable Claim Forms) that members of the Settlement Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many mortgage pass-through certificates you purchased; whether you held or sold those certificates; the date on which you purchased and/or sold those certificates; and the price at which you sold them.   At this time, it is not possible to determine how much individual Class Members may receive from the Partial Settlement.

44.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

45.     The Plan of Allocation will be submitted by Lead Plaintiffs and Lead Counsel for the Court's approval after the Partial Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.

46.     The objective of the Plan of Allocation will be to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged wrongdoing.

47.     Payment pursuant to the later-approved plan of allocation will be conclusive against Authorized Claimants. No person will have any claim against Lead Plaintiffs, Lead Counsel, any other Plaintiffs and Plaintiffs' Counsel in the Action, the Settling Defendants, Defendants' Counsel, the other Released Parties or their counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Amended Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiffs, Lead Counsel, Settling Defendants, Defendants' Counsel, the other Released Parties and their counsel will have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Gross Settlement Fund, or any losses incurred in connection therewith.

48.     Each Class Member will be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Proof of Claim.

49.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim forms.

---

### WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE PARTIAL SETTLEMENT?

50.     If the Partial Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against the Settling Defendants and will provide that Lead Plaintiffs and all other Class Members will be deemed to have - and by operation of the Judgment will have - released, dismissed and forever discharged the Released Claims (as defined in paragraph 51 below), including Unknown Claims (as defined in paragraph 53 below) against each and all of the Released Parties (as defined in paragraph 52 below).

51.     "Released Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class (a) asserted in this Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of any MBS issued pursuant to the Offerings. "Released Claims" shall not include derivative claims, including contractual claims, belonging to the issuing trusts. Nothing herein shall be construed to suggest or imply that any derivative claims exist or have merit. "Released Claims" do not include: (i) claims to enforce the Partial Settlement; and (ii) claims against any Non-Settling Defendants.

52.     "Released Parties" means the Settling Defendants and their respective present or former spouses, immediate family members, heirs, attorneys (including Settling Defendants' counsel), agents, representatives, executors, estates, administrators, successors and assigns, and insurers.

13

53.    "Unknown Claims" means any and all Released Claims that Lead Plaintiffs and/or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Lead Plaintiffs, as appropriate), or might have affected his, her or its decision not to object to this Partial Settlement or not exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Settling Defendants will expressly waive, and each Class Member and Released Party will be deemed to have waived, and by operation of the Order and Final Judgment will have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to this Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

There is a risk that Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs expressly - and each Class Member, upon the Effective Date, will be deemed to have, and by operation of the Order and Final Judgment will have - fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and the Settling Defendants acknowledge, and Class Members and Released Parties by law and operation of the Order and Final Judgment will be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Partial Settlement.

54.    The Judgment also will provide that the Settling Defendants and each of the other Released Parties will be deemed to have released, dismissed and forever discharged all Released Parties' Claims against all Plaintiffs in the Action and their respective attorneys, and any other Settlement Class Member. "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants, except for claims

14

relating to the enforcement of the Partial Settlement, against all plaintiffs in the Action, and their respective attorneys, or any other Settlement Class Member.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

55.     Lead Counsel has not received any payment for its services in pursuing claims against defendants on behalf of the Class; nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  At a later time, Lead Counsel intends to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund in an amount not to exceed 18% of the Settlement Fund.

56.     In order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Amount until after both the Partial Settlement becomes final *and* the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.  As such, Lead Counsel does not intend to request payment of their fees at this time. Rather, at this time, Lead Counsel will only request that the Court allow Lead Counsel to receive reimbursement of prior expenses and be allowed to draw from the Gross Settlement Fund an Interim Expense Award of up to $2 million (*i.e.*, advances to pay for future expenses necessary to prosecute remaining claims against the Non-Settling Defendants). Any Interim Expense Award authorized by the Court will be an advance of (and not in addition to) any final fee awarded or expenses reimbursed following resolution of all claims against Non-Settling Defendants. The Court will determine the amount of the award.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

57.     If you purchased or otherwise acquired the certificates described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Partial Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  At this time, you do not need to take any additional steps to remain in the class.  After resolution of claims against the Non-Settling Defendants, however, you will receive a new Notice and a Claim Form, at which time you will need to submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  Claim Forms will be mailed to your attention, and also be made available on the website of the Claims Administrator, www.____.com as well as Lead Counsel's website at www.bermandevalerio.com. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the Settlement.  Please retain all records of your ownership of, or transactions in, the certificates, as they may be needed to document your Claim.

58.     As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on

the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

59.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement? How Do I Exclude Myself?" If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Partial Settlement and you should not submit a Claim Form, but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined in paragraph 52 above) with respect to any of the Released Claims (as defined in paragraph 51 above).

60.     If you wish to object to the Partial Settlement or any of its terms, or to Lead Counsel's application for reimbursement of litigation expenses and an Interim Expense Award, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" If you exclude yourself from the Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

61.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Partial Settlement, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Class, addressed to _____. The exclusion request must be *received* no later than _____. Each Request for Exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re IndyMac Mortgage-Backed Securities Litigation*, Civil Action No. 09 Civ. 04583 (LAK), and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) the identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold; (ii) the prices or other consideration paid or received for such mortgage pass-through certificates; (iii) the date of each purchase or sale transaction; and (iv) proper evidence of the transactions. Requests for exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

62.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Amended Stipulation.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

63.     **If you do not wish to object in person to the proposed Partial Settlement and/or the application for reimbursement of litigation expenses and an Interim Expense Award, you do not need to attend the Settlement Hearing. You can object to or participate in the Partial Settlement without attending the Settlement Hearing.**

64.     The Settlement Hearing will be held on _____, at _: _ .m., before the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, New York 10007. The Court reserves the right to approve the Partial Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65.     Any Class Member who does not request exclusion in accordance with ¶¶ 61-62 above may object to the Partial Settlement or Lead Counsel's request for an award of reimbursement of expenses and an Interim Expense Award. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____. You must also serve the papers on Lead Counsel for the Class and counsel for the Settling Defendants at the addresses set forth below so that the papers are *received* on or before _____.

| Clerk's Office | Lead Counsel for the Class | Counsel For Settling Defendants |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, New York 10007 | BERMAN DEVALERIO Patrick T. Egan, Esq. One Liberty Sq. Boston, MA 02109 | EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C. Eric R. Levine Eric Aschkenasy 805 Third Avenue, 10th Floor New York, NY 10022 |
| | | FAIRBANK & VINCENT Robert H. Fairbank, Esq. 444 S. Flower St., Suite 3860 Los Angeles, CA 90071 |

66.     Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation evidencing all of the Class Member's transactions involving IndyMac mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied

by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Partial Settlement and/or to Lead Counsel's application for an award of litigation expenses and Interim Expense Award, and who desire to present evidence at the Settlement Hearing, must include in their written objections the exhibits they intend to introduce into evidence at the Settlement Hearing.

67.     You may not object to the Partial Settlement, or any aspect of it, if you excluded yourself from the Class.

68.     You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____.

70.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Partial Settlement or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF?

71.     If you purchased or otherwise acquired the mortgage pass-through certificates described above for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such certificates, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide to IndyMac Mortgage-Backed Securities Litigation, c/o _____, the names and addresses of such persons no later than seven (7) days after you receive this Notice. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by

calling toll-free (888) 458-9199, and may be downloaded from the settlement website, www._____.com or from Lead Counsel's website, www.bermandevalerio.com.

---

**CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

72.    This Notice contains only a summary of the terms of the proposed Partial Settlement. More detailed information about the matters involved in the Action is available at www._____.com, including, among other documents, copies of the Amended Stipulation, Proof of Claim form, and the Second Amended Complaint. All inquiries concerning this Notice or the Claim Form should be directed to:

RUST CONSULTING, INC.
ADDRESS
PHONE NUMBER

**OR**

Patrick T. Egan, Esq.
BERMAN DEVALERIO
One Liberty Square
Boston, MA 02109
(800) 516-9926
___@bermandevalerio.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____ ___, 2012          By Order of the Clerk of Court
                                            United States District Court
                                            for the Southern District of New York

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ. 04583 (LAK) |
| | ECF CASE |
| This Document Relates To: | |
| ALL ACTIONS | |

[EXHIBIT A-2 TO AMENDED STIPULATION]

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED PARTIAL SETTLEMENT, SETTLEMENT FAIRNESS HEARING AND MOTION FOR REIMBURSEMENT OF LITIGATION EXPENSES AND INTERIM EXPENSES**

TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED BENEFICIAL INTERESTS IN ANY OF THE FOLLOWING CERTIFICATES AND WERE ALLEGEDLY DAMAGED THEREBY: INDYMAC MBS HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES INABS 2006-D; INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR2; INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR7; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR15; INDYMAC RESIDENTIAL MORTGAGE-BACKED TRUST, SERIES 2006-L2; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR11; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR29; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR35; INDYMAC INDX MORTGAGE LOAN TRUST 2006-FLX1; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14; INDYMAC INDX MORTGAGE LOAN TRUST 2007-AR5; INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR1; INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR3; INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR3; INDYMAC INDA MORTGAGE LOAN TRUST 2006-AR1; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR12; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR33; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR31; INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX1; INDYMAC INDX MORTGAGE LOAN TRUST 2007-FLX3; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR19; RESIDENTIAL ASSET

SECURITIZATION TRUST 2006-A7CB; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR2; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR3; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR4; INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR7; AND/OR RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A2.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a Partial Settlement of the Action that will resolve all claims in the Action against defendants S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, the "Settling Defendants") for $6 million in cash has been proposed. A hearing will be held on _____ , at _ : _ .m., before the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 21B: (a) to determine whether the proposed Partial Settlement on the terms and conditions provided for in the Amended Stipulation and Agreement of Partial Settlement, dated July 31, 2012 is fair, reasonable and adequate and should be approved by the Court; (b) to determine whether the Order and Final Judgment as provided for under the Amended Stipulation should be entered dismissing the Action, on the merits and with prejudice, against the Settling Defendants; (c) to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Amended Stipulation, should be ordered; (d) to determine whether the application by Lead Counsel for reimbursement of litigation expenses incurred to date and an advance on future expenses to prosecute the remaining claims against the Non-Settling Defendants (the "Interim Expense Award") should be approved; and (e) to rule upon such other matters as the Court may deem appropriate.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE PARTIAL SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Partial Settlement, Settlement Fairness Hearing and Motion for Reimbursement of Litigation Expenses and Interim Expense (the "Notice"), you may obtain a copy of the Notice by contacting the Claims Administrator:

Rust Consulting, Inc
*Address*

Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, [www.____.com], or from Lead Counsel's website, www.bermandevalerio.com.

If you are a member of the Class, in order to be potentially eligible to share in the distribution of the Net Settlement Fund, you need not do anything now, but you will be required to submit a Claim Form at a later date. Subsequent notice will issue with the Claim Form and instructions

after resolution of the remaining claims against Non-Settling Defendants.  To ensure you receive future notices, please provide the Claims Administrator with current contact information.

If you are a member of the Class and do not exclude yourself from the Class, you will be bound by any judgment entered in the Action whether or not you make a Claim. To exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, 2012, in accordance with the instructions set forth in the Notice. Any objections to the proposed Partial Settlement and/or Lead Counsel's application for reimbursement of litigation expenses and an Interim Expense Award must be filed with the Court and delivered to Lead Counsel and counsel for Settling Defendants such that they are *received* no later than _____, 2012, in accordance with the instructions set forth in the Notice. If you are a member of the Class and do not submit a proper Claim Form, you will not share in the Net Settlement Fund but you will nevertheless be bound by the Judgment of the Court.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

Patrick T. Egan, Esq.
Berman DeValerio
One Liberty Square
Boston, MA 01867
(800) 516-9926

By Order of the Court

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.04583 (LAK) <br><br> ECF CASE |
| This Document Relates To: <br><br> ALL ACTIONS | |

## [EXHIBIT B TO AMENDED STIPULATION]

## ORDER AND FINAL JUDGMENT

This matter came for hearing on _____(the "Settlement Hearing"), on the application of Lead Plaintiffs and the Settling Defendants (defined below), to determine whether the terms and conditions of the Amended Stipulation and Agreement of Partial Settlement (the "Amended Stipulation" or the "Partial Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by Lead Plaintiffs, Wyoming Retirement System and Wyoming State Treasurer, on behalf of themselves, the Intervenor Plaintiffs and the Settlement Class, against defendants S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, the "Settling Defendants") in the above-captioned Action, and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Settling Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Class Members' Released Claims as against all Released Parties.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order and Final Judgment hereby incorporates by reference the definitions in the Amended Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Amended Stipulation.

2.     This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2. Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class

2

are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice, a list of which is attached hereto as Exhibit 1.

4.     With respect to the Settlement Class, this Court finds, solely for the purposes of the Partial Settlement (and without an adjudication of the merits), that the prerequisites for a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims by Lead Plaintiffs and the Intervenor Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.     Notice of the pendency of the Action as a class action and of the proposed Partial Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Partial Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the

3

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Partial Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Partial Settlement. Thus, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Order and Final Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Partial Settlement as set forth in the Amended Stipulation, and finds that the Partial Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Partial Settlement set forth in the Amended Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Partial Settlement embodied in the Amended Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Amended Stipulation.

8. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

9.      The Second Amended Complaint is hereby dismissed on the merits with prejudice as against the Released Parties only and without costs except for the payments expressly provided for in the Amended Stipulation.

10.     Upon the Effective Date of the Partial Settlement, Lead Plaintiffs, the Intervenor Plaintiffs and all other Settlement Class Members shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

11.     Upon the Effective Date of the Partial Settlement, Lead Plaintiffs, the Intervenor Plaintiffs and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Settlement Class Members' Released Claims.

12.     Upon the Effective Date of the Partial Settlement, the Settling Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all Released Parties' Claims against all Lead Plaintiffs, the Intervenor Plaintiffs in the Action and their respective attorneys, and any other Settlement Class Member.

13.     The fact and terms of the Amended Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Partial Settlement, and any act performed or document signed in connection with the Partial Settlement:

(a)      shall not be offered or received against the Released Parties, Lead Plaintiffs, the Intervenor Plaintiffs or the other members of the Settlement Class as evidence of,

5

or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiffs, the Intervenor Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiffs or the Intervenor Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b)     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiffs, the Intervenor Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, the Intervenor Plaintiffs and the other members of the Settlement Class;

(c)     shall not be offered or received against the Released Parties, Lead Plaintiffs, the Intervenor Plaintiffs or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Amended Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Amended Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiffs or the Intervenor Plaintiffs or the other members of the Settlement Class as an

admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs, the Intervenor Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (a) implementation and enforcement of the Partial Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Amended Stipulation, including any releases and bar orders executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

15.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

16.     A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

17.     In the event that the Partial Settlement does not become effective in accordance with the terms of the Amended Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants or the insurers who paid on their behalf,

then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation, and shall be vacated to the extent provided by the Amended Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation; (b) the fact of the Partial Settlement shall not be admissible in any trial of the Action and the parties to the Amended Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before March 16, 2012; (c) the certification of the Settlement Class, including the findings in paragraph 4 herein, shall be null and void without further Court action; and (d) the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Amended Stipulation.

18.     As a material condition of the Partial Settlement, the Court hereby permanently bars, enjoins and restrains:

(a)  Any and all persons and entities (including but not limited to Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Settling Defendants for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related to the claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to the Plaintiffs), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any

8

federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or Unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued. All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.

(b)      the Settling Defendants from asserting any claim against any person or entity (including the Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) for indemnity or contribution, however denominated, seeking the recovery of all or any part of the settlement amount paid to the Plaintiffs or the cost of defending this Action, provided, however, that nothing herein shall be deemed to bar or enjoin the Settling Defendants from obtaining insurance coverage for the Settlement Amount.

19.      Any person or entity so barred and enjoined under paragraph 18 above, shall be entitled to appropriate judgment reduction in accordance with applicable statutory or common law rule to the extent permitted under the Securities Act for the claims alleged herein.

20.      Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Amended Stipulation.

21.      There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
      _____, 2012


                                     _____

HONORABLE LEWIS A. KAPLAN
UNITED   STATES   DISTRICT   JUDGE

EXHIBIT 1

Persons and Entities Excluded from the Settlement Class Pursuant to Requests for Exclusion