USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/12

COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.04583 (LAK)<br><br>ECF CASE |
| This Document Relates To:<br><br>ALL ACTIONS | |

### [PROPOSED] ORDER CERTIFYING THE CLASS FOR PURPOSES OF PARTIAL SETTLEMENT AND APPROVING NOTICE TO THE SETTLEMENT CLASS

**WHEREAS:**

A.   Lead Plaintiffs, Wyoming Retirement System and Wyoming State Treasurer, on behalf of themselves, the Intervenor Plaintiffs and the Settlement Class, and defendants S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth (collectively, the "Settling Defendants") (with Lead Plaintiffs, the "Settling Parties") have entered into a partial settlement of the claims asserted in the Action, the terms of which are set forth in the Amended Stipulation and Agreement of Partial Settlement (the "Amended Stipulation" or the "Partial Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed partial settlement of the claims asserted in the Action on the merits and with prejudice as against the Settling Defendants only; and

B.   The Court having read and considered the Amended Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Publication Notice; and (iii) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.   The Court, for purposes of this Order, adopts all defined terms as set forth in the Amended Stipulation.

2.   The Court hereby certifies, for settlement purposes only (and without an adjudication of the merits), pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: IndyMac MBS Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-D; IndyMac INDA Mortgage Loan Trust 2006-AR2; IndyMac INDA Mortgage Loan Trust 2007-AR7; IndyMac INDX Mortgage Loan Trust 2006-AR15; IndyMac Residential Mortgage-Backed Trust, Series 2006-L2; IndyMac INDX Mortgage Loan Trust 2006-AR11; IndyMac INDX Mortgage Loan Trust 2006-AR29; IndyMac INDX Mortgage Loan Trust 2006-AR35; IndyMac INDX Mortgage Loan Trust 2006-FLX1; IndyMac INDX Mortgage Loan Trust 2006-AR14; IndyMac INDX Mortgage Loan Trust 2007-AR5; IndyMac INDA Mortgage Loan Trust 2007-AR1; IndyMac INDA Mortgage Loan Trust 2007-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR3; IndyMac INDA Mortgage Loan Trust 2006-AR1; IndyMac INDX Mortgage Loan Trust 2006-AR12; IndyMac INDX Mortgage Loan Trust 2006-AR33; IndyMac INDX Mortgage Loan Trust 2006-AR25; IndyMac INDX Mortgage Loan Trust 2006-AR31; IndyMac INDX Mortgage Loan Trust 2007-FLX1; IndyMac INDX Mortgage Loan Trust 2007-FLX3; IndyMac INDX Mortgage Loan Trust 2006-AR19; Residential Asset Securitization Trust 2006-A7CB; IndyMac INDX Mortgage Loan Trust 2006-AR2; IndyMac INDX Mortgage Loan Trust 2006-AR3; IndyMac INDX Mortgage Loan Trust 2006-AR4; IndyMac INDX Mortgage Loan Trust 2006-AR7; and/or Residential Asset Securitization Trust 2006-A2. Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class

are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Partial Settlement only, the following plaintiffs are appointed as the Class Representatives: Wyoming Retirement System and Wyoming State Treasurer, City of Philadelphia Board of Pensions and Retirement, Los Angeles County Employees Retirement Association, Police and Fire Retirement System of The City of Detroit, Public Employees' Retirement System of Mississippi and General Retirement System of the City of Detroit; and Berman DeValerio is appointed as Class Counsel for the Settlement Class.

4. The Court shall conduct a final approval hearing at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on December 19, 2012 at 10 a.m. in Courtroom 21D ~~or after ninety (90) days following funding of the Partial Settlement at a date and time to be later specified~~ (the "Settlement Hearing" or "Final Approval Hearing"). The purposes of this hearing shall be:

(a) to determine whether the proposed Partial Settlement on the terms and conditions provided for in the Amended Stipulation is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Order and Final Judgment as provided for under the Amended Stipulation should be entered, dismissing the Action as to Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Amended Stipulation, should be ordered;

(c) to determine whether the application by Lead Counsel for reimbursement of litigation expenses incurred and an Interim Expense Award should be approved; and

3

(d) to rule upon such other matters as the Court may deem appropriate.

5. Lead Counsel has the authority to enter into the Amended Stipulation on behalf of the Lead Plaintiffs, on behalf of themselves and the Settlement Class, and is authorized to act on behalf of the Lead Plaintiffs and Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Amended Stipulation, such as other acts that are reasonably necessary to consummate the Partial Settlement.

6. The Court approves the form, substance and requirements of the Notice and the Publication Notice (together, the "Notices"); and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Partial Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

7. Lead Counsel shall cause the Notice, substantially in the form annexed hereto as Exhibit A-1, to be mailed, by first class mail, postage prepaid, on or before ~~ten (10) business~~ September 27, 2012 ~~days after the later of: (i) the funding of the Partial Settlement; and (ii) this Court's setting a specific date and time for the Settlement Hearing,~~ to all Settlement Class Members at the address of each such person, as set forth in the records of IndyMac, its transfer agent(s) or the trustee for the Offerings. Pursuant to the Amended Stipulation, the Settling Defendants shall cooperate

reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

8. Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit A-2, to be published once each in the national edition of *The Wall Street Journal* and/or *Investor's Business Daily* and over the *PR Newswire* ~~within five (5) calendar days of the mailing of the Notice.~~ on or before October 2, 2012.

9. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and proof of publication of the Publication Notice.

10. To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or its agents shall lease and maintain a post office box of adequate size for the return of relevant mailing. The Notice shall designate said post office box as the return address for the purposes designated in the Notice. Lead Counsel or its agents shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

11. Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners. Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly

send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Net Settlement Fund.

12. The Court approves the selection of Rust Consulting, Inc. by Lead Counsel as the Claims Administrator. Lead Counsel may pay up to $600,000 from the Escrow Account, without further approval from the Settling Defendants or further order of the Court, for all reasonable Notice and Administration Costs actually incurred. Such costs and expenses may include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court.

13. Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Amended Stipulation without further order of the Court.

14. Lead Counsel shall submit its papers in support of final approval of the Partial Settlement and the application for attorneys' fees and reimbursement of litigation expenses ~~by~~ no later than ~~thirty-five (35) calendar days before the Settlement Hearing.~~ November 13, 2012.

15. Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request must mail the request in written form to the address designated in the Notice, such that it is received no later than ~~twenty-one (21) calendar days prior to the Settlement Hearing.~~ Nov. 27, 2012. Such request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re IndyMac Mortgage-Backed Securities Litigation Settlement*, Civil Action No. 09 Civ. 004583 (LAK), and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (ii) prices or other consideration paid or received for such mortgage pass-through certificates, (iii) the date of each purchase or sale transaction; and (iv) proper evidence of the transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Amended Stipulation and Settlement Notice.

17. Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Settlement Hearing to show cause why the proposed Partial Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; or why Lead Counsel's application for reimbursement of litigation expenses incurred to date and an Interim Expense Award should not be granted, *provided, however,* that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Partial Settlement, the Order and Final Judgment to be entered approving the same or the attorneys' fees and reimbursement of litigation expenses requested, unless no later than ~~twenty-one (21) calendar days before the Settlement Hearing,~~ November 27, 2012 such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, Patrick T. Egan, Esq., Berman DeValerio, One Liberty Square, Boston, Massachusetts 02109, and the Settling Defendants' Counsel[1] (the "Settling Defendants' Counsel"), and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and the Settling Defendants' Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving IndyMac mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of

---

[1] Settling Defendants' Counsel are: 1) Robert Fairbank, Esq., Fairbank & Vincent, 444 South Flower Street, Suite 3860, Los Angeles, CA 90071; and 2) Eric R. Levine, Esq., Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., 805 Third Avenue, New York, NY 10022.

all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Partial Settlement, and/or to Lead Counsel's application for reimbursement of litigation expenses and an Interim Expense Award, and who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, exhibits they intend to introduce into evidence at the Settlement Hearing. Should any objections be received, reply papers must be filed no later than ~~seven (7) calendar days before the Settlement Hearing.~~ Dec. 11, 2012.

18. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Partial Settlement, the Order and Final Judgment to be entered approving the Partial Settlement, or the attorneys' request for reimbursement of litigation expenses and an Interim Expense Award.

19. In order to avoid duplicative expenses to the Class, distribution of the Net Settlement Fund generated by this Partial Settlement will be delayed until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Class. At that time, Lead Plaintiffs must file with this Court a motion for approval of a Plan of Allocation, which will set forth how all settlement funds (including the Net Settlement Fund and any other funds later recovered) are to be allocated

among members of the Settlement Class for approval of this Court and which will describe the claims submission and review process.

20. The administration of the proposed Partial Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall remain under the authority of this Court.

21. The Court expressly reserves the right to adjourn the Settlement Hearing without any further notice to Settlement Class Members other than an announcement at the Settlement Hearing, and to approve the Amended Stipulation and/or a Plan of Allocation with modification approved by the parties to the Amended Stipulation without further notice to Settlement Class Members. The Court further reserves the right to enter its Order and Final Judgment approving the Partial Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendants, regardless of whether it has approved a Plan of Allocation or awarded attorneys' fees and reimbursement of litigation expenses.

22. None of the Settling Defendants, nor any other Released Party, shall have any responsibility whatsoever for any Plan of Allocation nor for any application for attorneys' fees, for an Interim Expense Award or for reimbursement of litigation expenses submitted by Lead Counsel that may be submitted in connection with final approval of this Proposed Partial Settlement or at a later date, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Partial Settlement.

23. In the event the Partial Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the Amended Stipulation), the Amended Stipulation, except as otherwise provided therein, including any amendment(s) thereto,

and this Order, including but not limited to the certification of the Settlement Class provided in paragraph (2) herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the parties to the Amended Stipulation shall be restored to their respective positions in the Action immediately before March 16, 2012, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Amended Stipulation and any related orders had not been entered, and the balance of the Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to the insurer(s) that funded the Settlement Amount, including interest accrued thereon, within ten (10) business days.

24. Pending determination of whether the Partial Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Partial Settlement.

Dated: New York, New York
Sept- 6, 2012

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

26. The Clerk shall terminate the motion reflected at DI 363.