**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.-04583 (LAK)<br>ECF CASE |
| This Document Relates To:<br>ALL ACTIONS | |

**LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 2, 2013 ORDER DENYING LEAD PLAINTIFFS' MOTION TO COMPEL UNDERWRITER DEFENDANTS TO PRODUCE DOCUMENTS**

**PLEASE TAKE NOTICE THAT** Lead Plaintiffs, Wyoming State Treasurer and the Wyoming Retirement System, respectfully request the Court clarify its January 2, 2013 Order denying Lead Plaintiffs' Motion to Compel Production of Documents Reflecting the Underwriter Defendants' Communications with Investors and Market Participants (the "Order"). Docket Number ("Dkt.") 412.

Lead Plaintiffs specifically seek clarification as to whether the denial of their motion was with or without prejudice to renewal of the Motion to Compel, if the parties cannot resolve their dispute after meeting and conferring. As detailed below, the parties have opposing interpretations of the Court's Order.

In support of this motion, Lead Plaintiffs state as follows:

1. On December 12, 2012, Lead Plaintiffs filed their Motion to Compel Production of Documents Reflecting the Underwriter Defendants' Communications with Investors and Market Participants ("Motion to Compel"). Dkt. 403. Defendants filed their opposition on December 14, 2012. Dkt. 407. Defendants argued, inter alia, that Lead Plaintiffs had failed to

comply with the meet and confer requirements of Federal Rules of Civil Procedure, rule 37(a)(1). *Id.*

2. On December 18, 2012, Lead Plaintiffs withdrew the Motion to Compel "without prejudice to Lead Plaintiffs' right to seek the same or similar relief if the parties cannot resolve their differences in the coming weeks." Dkt. 409. Lead Plaintiffs subsequently contacted defense counsel to make arrangements to meet and confer further about the discovery sought.

3. On January 2, 2013, the Court issued the Order as a docket entry. Dkt. 412. The Order did not indicate whether denial of the Motion to Compel was because the issue was rendered moot by the notice of withdrawal, or whether denial was with or without prejudice.

4. On January 4, 2013, Lead Plaintiffs' counsel again contacted defense counsel via email seeking to meet and confer about the document requests covered by the now-withdrawn Motion to Compel. In response, defense counsel telephoned Lead Plaintiffs' counsel and stated their position that, because the Motion to Compel and defendants' opposition had briefed the merits of the parties' respective positions and because the Court denied the Motion to Compel, the discovery issue had already been addressed.

5. The parties have conflicting interpretations of the Order. Defense counsel take the position that the Order denied the Motion to Compel on the merits and with prejudice. Lead Plaintiffs understand the Order to be a denial without prejudice to renewal of the Motion to Compel if the parties cannot resolve their differences through further meet and confer discussions.

///

///

///

**WHEREFORE**, in light of this difference in interpretation, Lead Plaintiffs respectfully request the Court clarify the intended effect of its January 2, 2013 Order. For the Court's convenience, Lead Plaintiffs have submitted an accompanying Proposed Order.

Dated: January 10, 2013

Respectfully submitted,

**BERMAN DEVALERIO**

By: /s/ Patrick T. Egan
Patrick T. Egan (PE-6812)

One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermandevalerio.com

Joseph J. Tabacco, Jr. (JJT-1994)
Nicole Lavallee (admitted pro hac vice)
Anthony D. Phillips (admitted pro hac vice)
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermandevalerio.com
nlavallee@bermandevalerio.com
aphillips@bermandevalerio.com

*Lead Counsel for the Class and Lead Plaintiffs Wyoming State Treasurer and the Wyoming Retirement System*