UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-CIV-04583 (LAK) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**REMAINING UNDERWRITER DEFENDANTS' RESPONSE**
**<u>TO LEAD PLAINTIFFS' "MOTION FOR CLARIFICATION"</u>**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Defendants Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.), Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated), RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.) and UBS Securities LLC

January 11, 2013

Both Lead Plaintiffs' motion to compel (Dkt. 403) and Defendants' opposition to the motion (Dkt. 407) briefed the merits of the parties' respective positions on the discovery issue raised in the motion. In their motion to compel, Lead Plaintiffs argued that no meet and confer call was necessary and that "this issue is now ripe for resolution by the Court." (Dkt. 403). On January 2, 2013, the Court entered an order "denying (403) Motion to Compel." (Dkt. 412).

That should be the end of the matter. Lead Plaintiffs, however, have filed a motion "seek[ing] clarification as to whether the denial of their motion was with or without prejudice to renewal of the Motion to Compel,[1] if the parties cannot resolve their dispute after meeting and conferring." (Dkt. 413). Lead Plaintiffs never sought a meet and confer call before filing their motion to compel. Nor did Lead Plaintiffs seek a meet and confer call before the Remaining Underwriter Defendants' opposition to the motion was due. Instead, Lead Plaintiffs waited to see how the briefing on the motion to compel would turn out. Because the briefing was not to their liking, Lead Plaintiffs reversed course and unilaterally filed a notice purporting to "withdraw their Motion to Compel . . . without prejudice to Lead Plaintiffs' right to seek the same or similar relief if the parties cannot resolve their differences in the coming weeks." (Dkt. 409). Lead Plaintiffs now ask the Court to endorse their gamesmanship by "clarifying" that the Court's order flatly denying their motion to compel was "without prejudice" to their *post hoc* efforts to obtain a more favorable result through a meet and confer process that their motion to compel argued was not necessary in the first place.

---

[1] As noted in Defendants' opposition (Dkt. 407), Lead Plaintiffs filed an oversized motion to compel of six pages, in violation of Your Honor's Individual Practice Rule that discovery motions "not exceed four (4) pages in length, including affidavits and declarations."

Lead Plaintiffs' gamesmanship should not be countenanced. Lead Plaintiffs' motion to compel was fully briefed. (Dkt. 403, 407). The Court denied the motion. (Dkt. 412). The discovery issue raised in the motion has thus been fully addressed by both the parties and the Court, and Lead Plaintiffs' efforts to get "clarification" that they can nonetheless pursue the discovery issue further should be rejected.

Dated: New York, New York
January 11, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Robert F. Serio
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)

200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000

Dean J. Kitchens (DKitchens@gibsondunn.com)
333 South Grand Avenue
Los Angeles, California 90071

Attorneys for Defendants Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.), Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated), RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.) and UBS Securities LLC