**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ.-04583 (LAK)<br>ECF CASE |
| This Document Relates To:<br>ALL ACTIONS | |

**DECLARATION OF NICOLE LAVALLEE IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOTION TO EXPAND THE CERTIFIED CLASS TO INCLUDE ADDITIONAL OFFERINGS OF MORTGAGE PASS-THROUGH CERTIFICATES**

**[REDACTED]**

I, Nicole Lavallee, hereby declare the following under penalty of perjury:

1. I am an attorney admitted to practice *pro hac vice* in this Court, and I am a partner in the law firm of Berman DeValerio, counsel for Lead Plaintiffs and Class Representatives Wyoming State Treasurer and Wyoming Retirement System ("Lead Plaintiffs"). I submit this Declaration in further support of Lead Plaintiffs' Motion to Expand the Certified Class to Include Additional Offerings of Mortgage Pass-Through Certificates. Unless otherwise stated, all capitalized terms have the same meaning as in the Memorandum of Law in Support of the Motion to Expand (Dkt. 471) or in the Reply Memorandum of Law In Further Support of Lead Plaintiffs' Motion to Expand the Certified Class to Include Additional Offerings of Mortgage Pass-Through Certificates, filed concurrently herewith.

2. Attached hereto as Exhibit 1 is a true and correct copy of the redacted Rebuttal Report of Professor Steven P. Feinstein, Ph.D., CFA, dated January 13, 2014.[1] Portions of Exhibit 1 contains confidential material subject to the Stipulation and Order for the Production and Exchange of Confidential Information entered by the Court on October 18, 2010 (Dkt. 270) ("10/18/10 Confidentiality Order").

3. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the transcript of the deposition of Walter N. Torous taken on December 12, 2013. Exhibit 2 contains confidential material subject to the 10/18/10 Confidentiality Order.

//

//

//

[1] Redactions were made to certain Exhibits in order to remove private/personal identifying information.

**EXAMPLES OF COMMON EVIDENCE**

4. The FDIC, as receiver for IndyMac Bank, F.S.B., REDACTED [redacted]

5. Attached hereto as Exhibit 3 is a true and correct copy of a REDACTED [redacted] Exhibit 3 contains confidential material subject to the Stipulation and Order for Production and Exchange

of Potentially Privileged Information from Non-Party FDIC Receiver, entered by the Court on September 9, 2011 (Dkt. 340) ("9/9/11 Confidentiality Order").

6. Attached hereto as Exhibit 4 is a true and correct copy of REDACTED [redacted] Exhibit 4 contains confidential material subject to the 9/9/11 Confidentiality Order.

7. Attached as Exhibit 5 is a true and correct copy of REDACTED [redacted] Exhibit 5 contains confidential material subject to the 9/9/2011 Confidentiality Order.

8. Attached hereto as Exhibit 6 is a true and correct copy of REDACTED [redacted]. Exhibit 6 contains confidential material subject to the 9/9/2011 Confidentiality Order.

9. Attached hereto as Exhibit 7 is a true and correct copy of REDACTED [redacted] Exhibit 7 contains confidential material subject to the 9/9/2011.

10. Attached as Exhibit 8 is a true and correct copy of REDACTED [redacted]. Exhibit 8 contains confidential material subject to the 9/9/2011 Confidentiality Order.

11. Attached as Exhibit 9 is a true and correct copy of REDACTED [redacted]

REDACTED. Exhibit 9 contains confidential material subject to the 9/9/2011 Confidentiality Order.

12. Attached as Exhibit 10 is a true and correct copy of REDACTED. Exhibit 10 contains confidential material subject to the 9/9/2011 Confidentiality Order.

13. Attached as Exhibit 11 is a true and correct copy of REDACTED. Exhibit 11 contains confidential material subject to the 10/18/10 Confidentiality Order.

14. Attached as Exhibit 12 is a true and correct copy of REDACTED. Exhibit 12 contains confidential material subject to the 10/18/10 Confidentiality Order.

15. Attached hereto as Exhibit 13 is a true and correct copy of REDACTED. Exhibit 13 contains confidential material subject to the 10/18/10 Confidentiality Order. UBS produced this document to Plaintiffs on May 2, 2011.

16. Attached hereto as Exhibit 14 is a true and correct copy of REDACTED Exhibit 14 contains confidential material subject to the 10/18/10 Confidentiality Order. J.P. Morgan produced this document to Plaintiffs on February 24, 2011.

17. Attached hereto as Exhibit 15 is a true and correct copy of REDACTED. Exhibit 15 contains confidential material subject to the 10/18/10 Confidentiality Order. RBS produced this document to Plaintiffs on May 31, 2011.

18. Attached hereto as Exhibit 16 is a true and correct copy of REDACTED. Exhibit 16 contains confidential material subject to the 10/18/10 Confidentiality Order. Credit Suisse produced this document to Plaintiffs on May 2, 2011.

19. Attached hereto as Exhibit 17 is a true and correct copy of REDACTED. Exhibit 17 contains confidential material subject to the 10/18/10 Confidentiality Order. Credit Suisse produced this document to Plaintiffs on February 24, 2011.

20. Attached hereto as Exhibit 18 is a true and correct copy of REDACTED. Exhibit 18 contains confidential material subject to the 10/18/10 Confidentiality Order. Credit Suisse produced this document to Plaintiffs on May 2, 2011.

21. Attached hereto as Exhibit 19 is a true and correct copy of REDACTED. Exhibit 19 contains confidential material subject to the 10/18/10 Confidentiality Order. RBS produced this document to Plaintiffs on May 31, 2011.

22. Attached hereto as Exhibit 20 is a true and correct copy of REDACTED. Exhibit 20 contains confidential material subject to the 10/18/10 Confidentiality Order.

23. Attached hereto as Exhibit 21 is a true and correct copy excerpt of REDACTED. Exhibit 21 contains confidential material subject to the 9/9/2011 Confidentiality Order.

24. Attached hereto as Exhibit 22 is a true and correct copy excerpt of REDACTED . Exhibit 22 contains confidential material subject to the 10/18/10 Confidentiality Order.

25. Attached hereto as Exhibit 23 is a true and correct copy of a chart, prepared by my firm using data from the relevant Prospectus Supplements, identifying the loan origination channels and documentation types for the loans underlying the 9 Certified Offerings and the 42 Additional Offerings.

26. Attached as Exhibit 24 is a true and correct copy of an excerpt from Remaining Underwriter Defendants' Response and Objections to Lead Plaintiffs' Second Set of Interrogatories, dated November 11, 2013 (Response to Interrogatory No. 10).

27. Attached hereto as Exhibit 25 is a true and correct copy of a chart, prepared by my firm, identifying the loan collateral types and loan ages for the loans that comprise the 9 Certified Offerings and the 42 Additional Offerings. Exhibit 25 contains confidential material subject to the 10/18/10 Confidentiality Order and the 9/9/2011 Confidentiality Order.

(a) The collateral types for a majority of the offerings listed in this chart REDACTED , a true and correct excerpt of which is attached hereto as Exhibit 26. Exhibit 26 contains confidential material subject to the 9/9/2011 Confidentiality Order. REDACTED , a true and correct excerpt of which is attached

hereto as Exhibit 27. Exhibit 27 contains confidential material subject to the 10/18/10 Confidentiality Order.

(b) The loan ages and the weighted average age of the loans listed on the chart are reported in the Loan Characteristics section of each Prospectus Supplement. These ages are representative of the age of the loans to be delivered on the closing date.

(c) The Prospectus Supplements do not identify the specific dates when the underlying loans were originated. However, as set forth in Exhibit 25, it provides information that demonstrates that: (i) for 18 of the 51 Offerings, there were no loans originated prior to March 1, 2006; (ii) for 16 Offerings, less than 1% of loans were originated prior to March 1, 2006; (iii) for an additional 6 Offerings, less than 5% of the loans were originated prior to March 1, 2006; and (iv) in all but 4 of the Offerings, the weighted average age of the total loans figure establishes that the vast majority were originated on or after March 1, 2006. Thus, the vast majority of the underlying loans for the 51 Offerings were originated on or after March 1, 2006.

28. Attached hereto as Exhibit 28 is a chart, prepared by my firm, identifying over 1,400 mortgage-backed securities valued at a trillion dollars that, collectively, Defendants underwrote during 2006 and 2007.

29. Attached hereto as Exhibit 29 is a true and correct copy of REDACTED [redacted]. Exhibit 29 contains confidential material subject to the 10/18/10 Confidentiality Order.

30. Attached hereto as Exhibit 30 is a true and correct copy of REDACTED [redacted]. Exhibit 30 contains confidential material subject to the 10/18/10 Confidentiality Order.

31. Attached hereto as Exhibit 31 is a true and correct copy of REDACTED . Exhibit 31 contains confidential material subject to the 10/18/10 Confidentiality Order.

32. Attached hereto as Exhibit 32 is true and correct copy of REDACTED . Exhibit 32 contains confidential material subject to the 10/18/10 Confidentiality Order.

33. Attached hereto as Exhibit 33 is a true and correct copy of REDACTED . Exhibit 33 contains confidential material subject to the 10/18/10 Confidentiality Order.

34. Attached hereto as Exhibit 34 is a true and correct copy of REDACTED . Exhibit 34 contains confidential material subject to the 10/18/10 Confidentiality Order.

35. Attached hereto as Exhibit 35 is a true and correct copy of REDACTED . Exhibit 35 contains confidential material subject to the 10/18/10 Confidentiality Order.

36. Attached hereto as Exhibit 36 is a true and correct copy of REDACTED . Exhibit 36 contains confidential material subject to the 10/18/10 Confidentiality Order.

37. Attached hereto as Exhibit 37 is a true and correct copy of REDACTED . Exhibit 37 contains confidential material subject to the 10/18/10 Confidentiality Order.

38. Attached hereto as Exhibit 38 is a true and correct copy of REDACTED Exhibit 38 contains confidential material subject to the 10/18/10 Confidentiality Order.

39. Attached hereto as Exhibit 39 is a true and correct copy of REDACTED . Exhibit 39 contains confidential material subject to the 10/18/10 Confidentiality Order.

40. Attached as Exhibit 40 is a true and correct copy of an excerpt from the Financial Crisis Inquiry Report (January 2011) prepared by The Financial Crisis Inquiry Commission pursuant to Public Law 111-21 (*also available at* http://www.gpo.gov/fdsys/pkg/GPO-FCIC/pdf/GPO-FCIC.pdf).

41. Attached as Exhibit 41 is a true and correct copy of REDACTED . Exhibit 40 contains confidential material subject to the 10/18/10 Confidentiality Order.

**IDC PRICING**

42. Attached hereto as Exhibit 42 is a true and correct copy of relevant excerpts from Walter N. Torous' April 4, 2012 Expert Report and Declaration filed in *In re Lehman Brothers Sec. and ERISA Litig.*, No. 09-md-2017 (LAK) (S.D.N.Y.) (Dkt. 858).

43. Attached hereto as Exhibit 43 is a true and correct copy of relevant excerpts from a May 31, 2013 report titled, "J.P. Morgan's Response to FASB ASC Topic 820, Fair Measurements and Disclosures – for Fund Accounting Clients."

44. Attached hereto as Exhibit 44 is a true and correct copy of relevant excerpts from a February 2010 J.P. Morgan Asset Management report titled, "Non-Agency Mortgage-Backed Securities – Managing Opportunities and Risks."

45. Attached hereto as Exhibit 45 is a true and correct copy of relevant excerpts from a December 4, 2012 Credit Suisse report titled, "Commodities: Long-term Outlook Better, But Not Outright Positive Yet."

**INVESTOR KNOWLEDGE**

46. The only new documents cited by Walter N. Torous in his November 15, 2013 Report concerning "investor knowledge" are those cited in footnotes 7, 10, 11, 16, 18-20, 23-25 to Appendix C thereto (attached as Exhibit A (Dkt. 487-1) to the 2013 Serio Declaration). These citations are to publicly available news/reports, one IndyMac Annual Report, ratings downgrade announcements, prior complaints in this and related IndyMac actions and references to certain Trustee Reports. Exhibit DD to the 2013 Serio Declaration is identical to Exhibit B attached to the February 28, 2011 Declaration of Robert Serio (Dkt. 289) ("2011 Serio Declaration"), which was relied upon by Defendants in opposing the prior class certification motion. Exhibit EE to the 2013 Serio Declaration is identical to Exhibit C attached to the 2011 Serio Declaration, which was relied upon by Defendants in opposing the prior class certification motion.

//

//

//

## RISK DISCLOSURES

47. At page 27, footnote 36 of their opposition brief (Dkt. 486), Defendants quote a "risk disclosure" contained in the Prospectus Supplement for INDX 2007-AR19, stating "note that delinquencies [and losses] generally have been increasing with respect to securitizations sponsored by IndyMac Bank, F.S.B." This same "risk disclosure" language appears in the prospectus supplements for 21 of the 51 offerings: IMJA 2007-A1, IMJA 2007-A2, IMJA 2007-A3, IMJA 2007-A4, IMSC 2007-AR1, IMSC 2007-F1, IMSC 2007-F2, IMSC 2007-F3, IMSC 2007-HOA1, INDA 2007-AR2, INDA 2007-AR7, INDA 2007-AR9, INDX 2007-AR5, INDX 2007-AR9, INDX 2007-AR15, INDX 2007-AR17, INDX 2007-AR19, INDX 2007-AR21IP, INDX 2007-FLX3, RAST 2007-A5, and RAST 2007-A8.

## CLASS REPRESENTATIVES

48. Each proposed class representative has produced documents in this matter.

49. Defendants have deposed three of the Proposed Class Representatives. Thomas Williams was deposed on behalf of the Lead Plaintiff Wyoming Retirement System ("WRS") on February 9, 2011. Michael Walden-Newman was deposed on behalf of the Lead Plaintiff Wyoming State Treasurer ("WST") on February 10, 2011. Walter Stampor was deposed on October 29, 20013 and October 30, 2013 on behalf of the General Retirement System of the City of Detroit and Police and Fire Retirement System of the City of Detroit. Attached hereto as Exhibit 46 is a true and correct copy of relevant excerpts of Mr. Stampor's Deposition Transcript on behalf of the General Retirement System of the City of Detroit and Exhibit 47 is a true and correct copy of relevant excerpts of his Deposition Transcript on behalf of Police and Fire Retirement System of the City of Detroit.

//

//

50. All Plaintiffs have submitted Declarations or Certificates stating that they understand their duties and responsibilities as Class representatives in this action and are willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial. Dkt. 277-6, 337 at pp. 101-03 (Wyoming State Treasurer); Dkt. 277-7, 337 at pp. 1041-06 (Wyoming Retirement System); Dkt. 472-8 (General Retirement System of the City of Detroit); Dkt. 239-1, 472-9 (Iowa Public Employees' Retirement System); Dkt. 204-5, 472-10 (Los Angeles County Employees Retirement Association); Dkt. 204-7, 472-11 (Public Employees' Retirement System of Mississippi); Dkt. 472-12 (Police and Fire Retirement System of the City of Detroit); Dkt. 337 at pp. 107-10, 472-13 (Philadelphia Board of Pensions).

//

//

//

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: January 13, 2014

By:___________________________________

Nicole Lavallee