UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ. 04583 (LAK)<br>ECF CASE |
| This Document Relates To:<br>        ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF THE FORM AND METHOD OF SUPPLEMENTAL NOTICE TO THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS**

Lead Plaintiffs Wyoming Retirement System and Wyoming State Treasurer ("Lead Plaintiffs") respectfully submit this memorandum in support of their unopposed motion for: (i) approval of the form and manner of supplemental notice to be sent to the Individual Defendant Settlement Class;[1] (ii) approval of the proposed methods of disseminating notice; (iii) the scheduling of a hearing (the "Hearing") on Lead Plaintiffs' proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and (iv) the granting such other and further relief as the Court deems just and proper.

---

[1] The "Individual Defendant Settlement Class" means the "Settlement Class" as defined in this Court's September 6, 2012 Order Certifying The Class For Purposes of Partial Settlement and Approving Notice To The Settlement Class ("Individual Defendant Notice Order"), ECF No. 368. The terms of the Individual Defendant Settlement are defined in the July 31, 2012 Amended Stipulation and Agreement of Partial Settlement, ECF No. 365-1 (hereinafter the "Individual Defendant Stipulation of Settlement"). Unless otherwise noted, the phrase "Individual Defendant" has been added to all defined terms in the Individual Defendant Stipulation of Settlement to distinguish the Individual Defendant Settlement from the currently pending proposed settlement with the remaining Underwriter Defendants (defined below).

**I.      INTRODUCTION**

    **A.      Supplemental Notice Concerning Individual Defendant Settlement**

On December 18, 2012, this Court granted final approval to a $6 million settlement with the Individual Defendants (*i.e.*, the Settled Defendants), hereinafter the "Individual Defendant Settlement"). *See* Order and Final Judgment, Dec. 18, 2012, ECF No. 410. Given the size of the settlement and the existence of outstanding claims against non-settling defendants, Lead Plaintiffs proposed to delay the distribution of the settlement funds until such time as there would be additional funds available for distribution or a determination was made that no further funds will be available for distribution to the Class.

Prior to granting final approval to the Individual Defendant Settlement, the Court directed notice of the proposed settlement be provided to all class members. *See* Individual Defendant Notice Order. That Court-ordered Notice was widely distributed, providing details about the settlement and the rights and responsibilities of class members. *See* Aff. of Eric J. Miller Regarding Notice Administration, Nov. 12, 2012, Ex. A (the "2012 Notice") at 2, 3, 7 and 9, ECF 387-2.

The Court-approved 2012 Notice made clear that Lead Plaintiffs and Lead Counsel intended to: (i) delay distribution of the Individual Defendant Settlement Fund until after further proceedings with the Non-Settling Defendants; (ii) delay any request for fees; and (iii) seek the reimbursement of certain Litigation Expenses as well as the ability to draw from the Settlement Fund for Interim Expense awards of up to $2 million. *Id.* The 2012 Notice also informed Individual Defendant Settlement Class Members that the Individual Defendant Settlement Fund would be distributed in accordance with a Plan of Allocation to be submitted to the Court when Lead Plaintiffs resolved claims against then Non-Settling Defendants. *Id.* The 2012 Notice

1

alerted Individual Defendant Settlement Class Members that, at some future date, they would be required to submit claim forms in order to participate in the Individual Defendant Settlement. *See* Notice at ¶ 57 ("At this time, you do not need to take any additional steps to remain in the class.  After resolution of claims against the Non-Settling Defendants, however, you will receive a new Notice and a Claim Form, at which time you will need to submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.").

The Individual Defendant Settlement 2012 Notice was distributed to 6,934 investors and brokers.  *See* Suppl. Aff. of Eric J. Miller Regarding Notice Administration, Dec. 11, 2012, ¶¶ 3-4, ECF No. 401-1.  There were no objections or requests for exclusion from the Individual Defendant Settlement Class.  *Id.* at ¶¶ 5-6.

Now, Lead Plaintiffs have now reached a proposed $340 million settlement of the Action with the Underwriter Defendants[2] that will resolve all claims against the Underwriter Defendants in the Action (the "Underwriter Defendant Settlement").[3]

In light of the proposed Underwriter Defendant Settlement, Lead Plaintiffs seek to send the contemplated supplement notice to the Individual Defendant Settlement Class, advising them that the time has come to submit proof of claim forms in order to participate in any recovery.  Moreover, Lead Plaintiffs have now prepared a proposed Plan of Allocation, which sets forth

---

[2]  The "Settling Defendants" or "Underwriter Defendants" are Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; J.P. Morgan Securities LLC (f/k/a  J.P. Morgan Securities Inc.);  Morgan Stanley & Co., LLC (f/k/a Morgan Stanley & Co. Incorporated);  RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.);  and UBS Securities LLC.

[3]  The offerings that comprise the Underwriter Defendant Settlement and the Individual Defendant Settlement overlap, but are not identical.  Investors in fifteen (15) offerings would be members of both classes.  Lists of the offerings included in each of the settlements are listed in Table A of the proposed Plan of Allocation, attached as an Appendix A to the proof of claim and release form.  Table A is comprised of two parts: A-1 and A-2.  Table A-1 is a list of all eligible Certificates in the Underwriter Defendant Settlement.  Table A-2 is a list of all eligible Certificates in the Individual Defendant Settlement.

how the settlement funds are to allocated among members of the settlement classes. Lead Plaintiffs submit that the Individual Defendant Settlement Class should now have an opportunity to review and comment on the Plan of Allocation, as well as Lead Counsel's request for attorneys' fees[4] and reimbursement of Litigation Expenses.[5]

A proposed Order Approving Supplemental Notice to The Individual Defendant Settlement Class is attached as Exhibit 2 to the accompanying Declaration of Patrick T. Egan ("Egan Decl."), filed herewith. The proposed order includes exhibits for: the notice (Exhibit A); the summary notice (Exhibit B); and the proof of claim form, which attaches the proposed Plan of Allocation as Appendix A thereto (Exhibit C).

### B.   Proposed Voluntary Dismissal Of IndyMac MBS, Inc.

Separately, if this Court grants final approval to the Underwriter Defendant Settlement, Lead Plaintiffs intend to voluntarily dismiss the live claims against IndyMac MBS, Inc. ("IndyMac MBS"), currently the sole remaining defendant, without prejudice. The proposed voluntary dismissal of IndyMac MBS is *not* part of the Individual Defendant Settlement.

As discussed below, based on information obtained through discovery, including receipt of a sworn declaration from IndyMac MBS, IndyMac MBS has no ongoing business or income, little to no assets and no applicable insurance. Lead Plaintiffs believe that any judgment entered

---

[4]   Lead Counsel did not apply for attorneys' fees in connection with final approval of the Individual Defendant Settlement. However, the prior 2012 Notice did inform class members that Lead Counsel could request fees in an amount not to exceed 18% of the Settlement Fund. Now, Lead Counsel intend to request a fee in an amount not to exceed 13% of the total amount recovered in the two settlements.

[5]   The Court has previously approved reimbursement of expenses totaling $916,058.44 and issued two Interim Expense awards permitting the withdrawal of an additional $1,000,229.81 in expenses from a Litigation Fund established by this Court's December 18, 2012 Order. *See* Dkt. Nos. 408, 426 & 467. In connection with the current settlements, Lead Counsel intends to seek reimbursement of additional expenses, as well as an allocation of all expenses among the two settlements.

against IndyMac MBS would be uncollectible. As such, Lead Plaintiffs intend to voluntarily dismiss IndyMac MBS from the Action, contingent on final approval of the Underwriter Defendant Settlement.

Accordingly, Lead Plaintiffs request that Rule 23 notice be provided to the members of the Individual Defendant Settlement Class advising about this proposed dismissal.

## II. THE COURT SHOULD APPROVE THE FORM OF THE NOTICE AND PLAN FOR PROVIDING NOTICE TO THE INDIVIDUAL DEFENDANT SETTLEMENT CLASS

Lead Plaintiffs request that the Court approve the form and content of the proposed Notice and Summary Notice. *See* Egan Decl. Ex. 2, at Exs. A and B. Notice, informing the Individual Defendant Settlement Class about the updates on the settlement procedures, the requirements and deadlines for submitting a proof of claim and release form (Egan Decl. Ex. 2, at Ex. C), and the opportunity to be heard on (i) the proposed Plan of Allocation; (ii) Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses; and (iii) Lead Counsel's proposal to voluntarily dismiss IndyMac MBS from the Action, is proper. Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.").

The proposed "long form" notice (the "Notice") (Egan Decl. Ex. 2, at Ex. A) apprises Individual Defendant Settlement Class Members of the nature and pendency of the class action, a description of the proposed Plan of Allocation and information regarding Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses. The Notice also advises that an Individual Defendant Settlement Class Member may enter an appearance through counsel if desired, and further describes, once again, (i) the binding effect of the Order and Final Judgment on the Individual Defendant Settlement Class Members under Rule 23(c)(3); (ii) how to object to the proposed Plan of Allocation, Lead Counsel's application for attorneys' fees and

4

reimbursement of Litigation Expenses and/or Lead Plaintiffs request to dismiss IndyMac MBS; (iii) the date, time and location of the Hearing and deadlines for submitting proof of claim forms and any objections; and (iv) how to make a claim.  The proposed supplemental Notice therefore meets the required reasonableness standard under Second Circuit law.  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005) ("the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (internal quotation marks omitted))).

### III.    NOTICE REGARDING THE PROPOSED DISMISSAL OF INYMAC MBS IS APPROPRIATE

Assuming the Underwriter Defendant Settlement receives final approval, Lead Plaintiffs intend to voluntarily dismiss the live claims against IndyMac MBS, currently the sole remaining defendant, from the Action.  The proposed voluntary dismissal of IndyMac MBS without prejudice is *not* part of the either the Individual Defendant Settlement or the Underwriter Defendant Settlement.

Based on information obtained through discovery, including receipt of a sworn declaration from IndyMac MBS, IndyMac MBS has no ongoing business or income, little to no assets and no applicable insurance.  Egan Decl. ¶ 10.  Thus, Lead Plaintiffs believe that any judgment entered against IndyMac MBS would be uncollectible.  As such, Lead Plaintiffs expect to voluntarily dismiss IndyMac MBS from the Action without prejudice.

Rule 23(e) provides, in part, that that the claims of a certified class may be voluntarily dismissed "only with the court's approval."  Moreover, Rule 23(e)(1) provides that the court must "direct notice in a reasonable manner to all class members would be bound by" the proposed dismissal, and that class members be afforded the opportunity to object.

5

Here, the proposed long form Notice expressly provides Lead Plaintiffs' proposal to voluntarily dismiss IndyMac MBS, the basis for that proposal and affords members of the Individual Defendant Settlement Class an opportunity to object. Accordingly, Lead Plaintiffs submit that the Notice complies with Rule 23(e) and should be provided to class members.

## IV. PROPOSED SCHEDULE OF EVENTS

Lead Plaintiffs propose the following schedule for the Settlement-related events:[6]

| Event | Proposed Due Date |
|---|---|
| Deadline for mailing the Supplemental Notice ("Notice Date") | 10 business days after entry of the Supplemental Notice Order |
| Deadline for publishing the Supplemental Summary Notice | 5 calendar days after mailing of the Supplemental Notice |
| Deadline for filing of papers in support of Plan of Allocation and Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses | 35 calendar days prior to the Hearing |
| Deadline for submitting objections to (i) the proposed Plan of Allocation; (ii) Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses; and (iii) Lead Counsel's proposal to dismiss IndyMac MBS from the Action. | 21 calendar days prior to the Hearing |
| Deadline for filing reply papers | 7 calendar days prior to the Hearing |
| Hearing | At the same date and time as the Underwriter Defendant Settlement Hearing |
| Deadline for submitting claim forms | 120 calendar days after Supplemental Notice Date |

## V. CONCLUSION

For all of the foregoing reasons, Lead Plaintiffs respectfully request that this Court: (i) approve the form and manner of supplemental notice to be sent to the Individual Defendant

---

[6] The only specific date that needs to be established is the date of the Hearing. To promote efficiency and reduce costs, Lead Plaintiffs respectfully request that, where they overlap, the same dates and deadlines apply for both the Individual Defendant Settlement and Underwriter Defendant Settlement.

Settlement Class; (ii) approve the proposed methods of disseminating notice; (iii) schedule the Hearing on Lead Plaintiffs' proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  September 11, 2014

Respectfully submitted,

**BERMAN DEVALERIO**

By:   <u>*/s/ Nicole Lavallee*</u>
      Nicole Lavallee

Joseph J. Tabacco, Jr. (JJT-1994)
Nicole Lavallee (admitted *pro hac vice*)
One California Street Suite 900
San Francisco, California 94111
Telephone:    (415) 433-3200
Facsimile:    (415) 433-6382

Patrick T. Egan (PE-6812)
One Liberty Square
Boston, Massachusetts 02109
Telephone:    (617) 542-8300
Facsimile:    (617) 542-1194

*Lead Counsel for Lead Plaintiffs and the Proposed Settlement Class*