UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master Docket No. 09-Civ. 04583 (LAK)<br>ECF CASE |



[RECEIVED SEP 24 2014 JUDGE KAPLAN'S CHAMBERS]

### [PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT AND APPROVING NOTICE TO THE SETTLEMENT CLASS OF THE PROPOSED SETTLEMENT WITH UNDERWRITER DEFENDANTS

**WHEREAS**, Lead Plaintiffs Wyoming Retirement System and Wyoming State Treasurer ("Lead Plaintiffs"), on behalf of themselves and each proposed member of the Settlement Class (as hereinafter defined), have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order in the above-captioned litigation (the "Action") in accordance with the Amended Stipulation and Agreement of Settlement, dated September 19, 2014 (the "Stipulation" or the "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement in the Action with Defendants Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, RBS Securities Inc., and UBS Securities LLC (the "Settling Defendants");

**WHEREAS**, the Settling Defendants do not oppose Lead Plaintiffs' application; and

**WHEREAS**, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits annexed thereto, and found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. Pending determination of whether the Settlement should be approved, Lead Plaintiffs, Intervenor Plaintiffs, Proposed Intervenor Plaintiffs, other Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any of the Released Claims against any of the Released Parties.

## CERTIFICATION OF SETTLEMENT CLASS

3. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the proposed Settlement (and without an adjudication of the merits), a Settlement Class defined as:

> All Persons who at any time purchased or otherwise acquired interests in the Certificates.[1] Excluded from the Settlement Class are those Persons who purchased or otherwise acquired Certificates, but who have filed individual actions to separately pursue claims against the Settling Defendants relating to the Certificates or who have filed a valid request for exclusion in accordance with the requirements set forth in the Notice. Also excluded from the Settlement Class are Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle, to the extent such entities themselves had a proprietary (*i.e.*, for their own account) interest in the Certificates and not to the extent that they held Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class.

---

[1] A complete list of the Certificates covered by this Settlement is listed on Table A-1 to the proof of claim and release form ("proof of claim") annexed hereto as Exhibit 3.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Lead Plaintiffs, City of Philadelphia Board of Pensions and Retirement, Los Angeles County Employees Retirement Association, Police and Fire Retirement System of the City of Detroit, Public Employees' Retirement System of Mississippi, General Retirement System of the City of Detroit, and Iowa Public Employees' Retirement System as Settlement Class Representatives.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel Berman DeValerio is appointed as Settlement Class Counsel and is authorized to act on behalf of the Settlement Class Representatives and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

## APPOINTMENT OF CLAIMS ADMINISTRATOR

6.  The Court approves the selection of Rust Consulting, Inc. by Settlement Class Counsel as the Claims Administrator.  Settlement Class Counsel may pay up to $600,000 from the Underwriter Defendant Settlement Fund Escrow Account, without further approval from the Settling Defendants or further order of the Court, for all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses may include, without limitation, the actual costs of publication, printing and mailing of the Notice and the Publication Notice (together, the "Notices"), reimbursements to nominee owners for forwarding the Notices to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members, and providing notices and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent for the

Underwriter Defendant Settlement Fund. To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court.

## NOTICE TO SETTLEMENT CLASS

7. The Court approves the form, substance and requirements of the Notices, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

8. Settlement Class Counsel shall cause the Notice, substantially in the form annexed hereto as Exhibit 1, as well as the proof of claim, substantially in the form annexed hereto as Exhibit 3, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after entry of this Order setting a specific date and time for the Final Approval Hearing, to all Settlement Class Members at the address of each such person, as set forth in the records of IndyMac, its transfer agent(s) or the trustee for the Offerings. Pursuant to the Stipulation, the Settling Defendants shall cooperate reasonably with Settlement Class Counsel in identifying the names and addresses of potential Settlement Class Members.

9. Settlement Class Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit 2, to be published once in the national edition of *Investor's*

*Business Daily* and once over the *PR Newswire* within five (5) calendar days of the mailing of the Notice.

10. Settlement Class Counsel shall, at or before the Final Approval Hearing, file with the Court proof of mailing of the Notice and proof of publication of the Publication Notice.

11. To effectuate the provision of Notice provided for in paragraphs 7-9 hereof, Settlement Class Counsel or its agents shall lease and maintain a post office box of adequate size for the return of the relevant mailing. The Notice shall designate said post office box as the return address for the purposes designated in the Notice. Settlement Class Counsel or its agents shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notice or Publication Notice.

12. Settlement Class Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners. Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the

expenses for which reimbursement is sought. Such properly-documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Underwriter Defendant Settlement Fund.

### REQUEST FOR EXCLUSION
### FROM THE SETTLEMENT CLASS

13. Any Person requesting exclusion from the Settlement Class must mail the request in written form to the address designated in the Notice, such that it is received no later than __Jan. 13__, 201**5** [21 calendar days prior to the Final Approval Hearing]. Such request for exclusion must clearly indicate the name, address and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re IndyMac Mortgage-Backed Securities Litigation*, Civil Action No. 09 Civ. 04583 (LAK) (S.D.N.Y.), and must be signed by such Person. Such Persons requesting exclusion are also directed to provide the following information: (a) identity and original face value and class (with CUSIP number) of the Certificates purchased (or otherwise acquired) or sold; (b) prices or other consideration paid or received for such Certificates; (c) the date of each purchase or sale transaction; (d) proper evidence of the transactions; and (e) a statement that the Person wishes to be excluded from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14. Any Person who requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Underwriter Defendant Net Settlement Fund as described in the Stipulation and Notice.

**HEARING: RIGHT TO BE HEARD**

15. The Court shall conduct a hearing (the "Final Approval Hearing") at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. The Final Approval Hearing will be held on 2/3/15 at 4:30 ~~a.m.~~ p.m. for the following purposes: 

(a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be finally approved by the Court;

(b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action as to the Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be ordered;

(c) to determine whether the Plan of Allocation is fair and reasonable and should be approved by the Court;

(d) to determine whether the motion by Lead Counsel and the additional Settlement Class Representatives' counsel (collectively, "Counsel") for attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and

(e) to rule upon such other matters as the Court may deem appropriate.

16. Lead Counsel shall submit its papers in support of final approval of the Underwriter Defendant Settlement, Plan of Allocation, and the motion for attorneys' fees and reimbursement of Litigation Expenses by no later than thirty-five (35) calendar days before the Final Approval Hearing. Reply papers, if any, shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

17.     Any Settlement Class Member who has not requested exclusion from the Settlement Class may appear at the Final Approval Hearing to show cause: (a) why the proposed Settlement should not be approved as fair, reasonable and adequate; (b) why a judgment should not be entered thereon; (c) why the Plan of Allocation should not be approved; or (d) why Counsel's motion for attorneys' fees and for reimbursement of Litigation Expenses incurred to date should not be granted, *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, and/or and the Order to be entered approving the same or the attorneys' fees and reimbursement of Litigation Expenses requested, unless, no later than twenty-one (21) calendar days before the Final Approval Hearing, such Settlement Class Member has served, by hand or by overnight delivery, written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon the following counsel:

| Lead Counsel and Settlement Class Counsel | Settling Defendants' Counsel |
|---|---|
| Patrick T. Egan, Esq.<br>Berman DeValerio<br>One Liberty Square<br>Boston, Massachusetts 02109 | Robert F. Serio, Esq.<br>Aric H. Wu, Esq.<br>Jason W. Myatt, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, New York 10166 |

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and Settlement Class Counsel and the Settling Defendants' Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving the Certificates, including brokerage confirmation receipts or

other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Settlement, the Plan of Allocation, and/or to Counsel's motion for attorneys' fees and for reimbursement of Litigation Expenses, and who desire to present evidence at the Final Approval Hearing, must include in their written objections the identity of any witnesses they intend to call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

18. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever barred from requesting exclusion from the Settlement Class, or making any objection to the fairness, adequacy or reasonableness of the Settlement, or the Order and Final Judgment, the Plan of Allocation, and/or Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and shall be bound by the Settlement and the Order and Final Judgment, including, but not limited to the release of the Released Claims provided for in the Stipulation and the Order and Final Judgment, if the Court approves the Settlement.

19. If approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination in the Action,

whether favorable or unfavorable to the Settlement Class, regardless of whether or not a Settlement Class Member executes and delivers a proof of claim form.

20. Any Settlement Class Member may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If a Settlement Class Member does not enter an appearance, he, she, or it will be represented by Settlement Class Counsel.

21. The Court expressly reserves the right to adjourn the Final Approval Hearing without any further notice to Settlement Class Members other than an announcement at the Final Approval Hearing, and to approve the Stipulation and/or a Plan of Allocation, with modification approved by the parties to the Stipulation, without further notice to Settlement Class Members. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendants, regardless of whether it has approved a Plan of Allocation or awarded attorneys' fees and reimbursement of Litigation Expenses.

## CLAIMS PROCESS

22. In order to be entitled to participate in the Settlement and eligible to share in the Underwriter Defendant Net Settlement Fund, a Settlement Class Member must complete and submit a proof of claim form in accordance with the instructions contained therein. To be valid and accepted, proof of claim forms submitted in connection with the Settlement must be postmarked no later than _Jan. 28/2015_ [120 days from date of this Order].

23. Any Settlement Class Member who does not timely submit a valid proof of claim form shall not be eligible to share in the Underwriter Defendant Net Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any

of the Released Claims and shall be bound by any judgment or determination of the Court affecting Settlement Class Members.

24. All funds held in the Underwriter Defendant Settlement Fund Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25. Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Underwriter Defendant Settlement Fund Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Underwriter Defendant Settlement Fund Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further Order of the Court.

26. None of the Settling Defendants, nor any of the other Released Parties, shall have any liability or responsibility whatsoever for any Plan of Allocation nor for any motion for attorneys' fees or for reimbursement of Litigation Expenses submitted by Counsel, that may be submitted in connection with final approval of this proposed Settlement or at a later date, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

27. Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Underwriter Defendant Net Settlement Fund to any Settlement Class Member until a Plan of Allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

28. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Underwriter Defendant Net Settlement Fund shall remain under the authority of this Court.

29. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement. In the event the Settlement does not become Final, for any reason (including any party's exercise of a valid right to terminate under the Stipulation), the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, including but not limited to the certification of the Settlement Class provided in paragraph 3 herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, the parties to the Stipulation shall be restored to their respective positions in the Action immediately before July 23, 2014, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Underwriter Defendant Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred or owing, shall be refunded to the Settling Defendants that funded the Underwriter Defendant Settlement Amount, including interest accrued thereon, within ten (10) business days.

30. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other tribunal, constitute an admission

of, or evidence of, or be deemed to create any inference of: (a) any acts of wrongdoing or lack of wrongdoing; (b) any liability on the part of the Settling Defendants to Lead Plaintiff, any Settlement Class Member, or anyone else; (c) any deficiency of any claim or defense that has been or could have been asserted in the Action; (d) any damages or lack of damages suffered by Lead Plaintiff, any Settlement Class Member, or anyone else; or (e) that the Underwriter Defendant Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Order and Final Judgment and the release of the Released Claims provided for in the Stipulation and the Order and Final Judgment.

Dated: New York, New York

_September 30_, 2014

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE