UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master Docket No. 09-Civ. 04583 (LAK)<br>ECF CASE<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: Oct. 6, 2014 |

[~~PROPOSED~~] ORDER APPROVING SUPPLEMENTAL NOTICE TO THE
INDIVIDUAL DEFENDANT SETTLEMENT CLASS

**WHEREAS:**

A. By Order and Final Judgment dated December 18, 2012, this Court approved a $6 million class action settlement between the Individual Defendants[1] and Lead Plaintiffs, Wyoming Retirement System and Wyoming State Treasurer and the Individual Defendant Settlement Class[2] (ECF No. 410) (hereinafter, the "Individual Defendant Settlement");

B. At that time, to avoid duplicative expenses, distribution of the Individual Defendant Net Settlement Fund was delayed until such time as there were additional funds

---

[1] The "Individual Defendants" are: S. Blair Abernathy, John Olinski, Samir Grover, Simon Heyrick and Victor Woodworth.

[2] The "Individual Defendant Settlement Class" means the "Settlement Class" as defined in the July 31, 2012 Amended Stipulation and Agreement of Partial Settlement, ECF No. 365-1 (hereinafter the "July 31, 2012 Stipulation"). Unless otherwise noted, the phrase "Individual Defendant" has been added to all defined terms in the July 31, 2012 Stipulation to distinguish the Individual Defendant Settlement from the currently pending proposed settlement with the remaining Underwriter Defendants (defined below).

available for distribution or a determination was made that no further funds would be available for distribution;

C.   Lead Plaintiffs have since reached a proposed settlement with the Underwriter Defendants for $340 million (the "Underwriter Defendant Settlement");[3]

D.   Lead Plaintiffs will request that this Court authorize the distribution of proceeds from the Individual Defendant Settlement at the same time as any distribution of funds from the proposed Underwriter Defendant Settlement;

E.   Pursuant to the September 6, 2012 Order Certifying the Class for Purposes of Partial Settlement and Approving Notice to the Settlement Class (ECF No. 368) (the "Individual Defendant Settlement 2012 Notice Order"), Lead Plaintiffs provided notice of the Individual Defendant Settlement to the Individual Defendant Settlement Class (the "Individual Defendant Settlement 2012 Notice"). The Individual Defendant Settlement 2012 Notice informed Individual Defendant Class Members about the terms of the Individual Defendant Settlement and the plan to delay distribution of the Individual Defendant Net Settlement Fund. The Individual Defendant Settlement 2012 Notice also informed Individual Defendant Settlement Class Members that if additional funds became available, Lead Plaintiffs would then seek approval of a proposed Plan of Allocation, which would set forth how all settlement funds would be allocated among members of all classes, and provide a new Notice and Proof of Claim Form to Individual Defendant Settlement Class Members, as well as details on the steps Individual Defendant Settlement Class Members must take to submit Proof of Claim Forms;

---

[3]   The Underwriter Defendants are Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.), in its own right and as successor-in-interest to Bear, Stearns & Co., Inc.; RBS Securities Inc., as successor-in-interest to Greenwich Capital Markets, Inc.; Morgan Stanley & Co., LLC (f/k/a Morgan Stanley & Co. Incorporated); and UBS Securities LLC.

F.  In light of the proposed settlement with the Underwriter Defendants, Lead Plaintiffs now request the contemplated supplemental notice be provided to Individual Defendant Class Members;

G.  Lead Plaintiffs also intend to voluntarily dismiss IndyMac MBS, Inc. ("IndyMac MBS") from the action without prejudice, conditioned on final approval of the Underwriter Defendant Settlement. In light of the proposed voluntary dismissal, Lead Plaintiffs also request that additional notice be provided to all potential members of both settlement classes about the proposed voluntary dismissal of IndyMac MBS;

H.  The Individual Defendants do not oppose Lead Plaintiffs' application; and

I.  The Court having read and considered (a) the July 31, 2012 Stipulation of Settlement and Exhibits thereto; (b) prior Orders of this Court related to the Individual Defendant Settlement; and (c) the accompanying motion and memorandum of law requesting approval of supplemental notice to the Individual Defendant Settlement Class, including the exhibits annexed thereto, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  This Order hereby incorporates by reference the definitions in the July 31, 2012 Stipulation of Settlement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the July 31, 2012 Stipulation.

**NOTICE TO INDIVIDUAL DEFENDANT SETTLEMENT CLASS**

2.  The Court approves the form, substance and requirements of the Notice[4] and the

---

[4] Notice means the "Notice of Proposed Plan of Allocation, Distribution of Settlement Funds, Request to Dismiss IndyMac MBS, Inc. from the Action, Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and the Hearing Thereon," attached hereto as Exhibit A.

Publication Notice[5] (together, the "Notices"); and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

3. Lead Counsel shall cause the Notice, substantially in the form annexed hereto as Exhibit A, as well as the Proof of Claim and Release Form ("Proof of Claim Form"), substantially in the form annexed hereto as Exhibit C, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after entry of this Order setting a specific date and time for the Hearing (defined below), to all Individual Defendant Settlement Class Members at the address of each such person, as set forth in the records of IndyMac, its transfer agent(s) or the trustee for the Offerings.

4. Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit B, to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire* within five (5) calendar days of the mailing of the Notice.

5. Lead Counsel shall, at or before the Hearing, file with the Court proof of mailing of the Notice and proof of publication of the Publication Notice.

6. To effectuate the provision of notice provided for in paragraphs 2-4 hereof, Lead Counsel or its agents shall lease and maintain a post office box of adequate size for the return of relevant mailing. The Notice shall designate said post office box as the return address for the

---

[5] Summary Notice of Proposed Plan of Allocation, Distribution of Settlement Funds, Request to Dismiss IndyMac MBS, Inc. from the Action, Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and Hearing thereon, attached hereto as Exhibit B.

purposes designated in the Notice. Lead Counsel or its agents shall be responsible for the receipt of all responses from the Individual Defendant Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Individual Defendant Settlement Class Members, nominees or any other person or entity in response to the Notices.

7. Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners. Such nominees who hold or held such securities for beneficial owners who are Individual Defendant Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. For offerings that are exclusively covered by the Individual Defendant Settlement, such properly-documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Individual Defendant Net Settlement Fund. For offerings that are included in both the Individual Defendant Settlement and the Underwriter Defendant Settlement, properly-documented expenses incurred by nominees in compliance with the terms of this Order shall be allocated between and

paid from the Individual Defendant Net Settlement Fund and the Underwriter Defendant Net Settlement Fund.

8. The Court previously approved the selection of Rust Consulting, Inc. by Lead Counsel as the Claims Administrator. The Court has already ordered that Lead Counsel may pay up to $600,000 from the Individual Defendant Escrow Account, without further approval from the Individual Defendants or further order of the Court, for all reasonable Notice and Administration Costs actually incurred. To the extent that Notice and Administration Costs exceed $600,000, they may be paid only pursuant to further Order of the Court.

9. The Individual Defendant Settlement Class were previously provided notice of the Individual Defendant Settlement and the option of class members to exclude themselves from the Individual Defendant Settlement Class. No requests for exclusion were filed. Individual Defendant Settlement Class Members no longer have the right to exclude themselves from the Individual Defendant Settlement.

### HEARING: RIGHT TO BE HEARD

10. The Court shall conduct a hearing at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on 2/2/15 at 4:30 a.m (the "Hearing"). The purposes of this hearing shall be, among other things:

(a) to determine whether the Plan of Allocation is fair and reasonable and should be approved by the Court;

(b) to determine whether the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses incurred should be approved;

(c) to determine whether Lead Plaintiffs' Request to Dismiss IndyMac MBS from the Action should be approved; and

(d) to rule upon such other matters as the Court may deem appropriate.

11. Lead Counsel shall submit its papers in support of final approval of the Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses by no later than thirty-five (35) calendar days before the Hearing. Reply papers, if any shall be field no later than seven (7) calendar days before the Hearing.

12. Any Individual Defendant Settlement Class Member may appear at the Hearing to show cause: (a) why the Plan of Allocation should not be approved; or (b) why Lead Counsel's motion for attorneys' fees and for reimbursement of Litigation Expenses incurred to date should not be granted; and/or (c) why IndyMac MBS should not be voluntarily dismissed from this Action, *provided, however*, that no member of the Individual Defendant Settlement Class shall be heard or entitled to contest the approval of the Plan of Allocation, the Order to be entered approving the same, the attorneys' fees and reimbursement of Litigation Expenses requested and/or Lead Plaintiffs' proposal to voluntarily dismiss IndyMac MBS, unless, no later than twenty-one (21) calendar days before the Hearing, such Individual Defendant Settlement Class Member has served, by hand or by overnight delivery, written objections setting forth the basis therefore, and copies of any supporting papers and briefs upon the following counsel:

<u>Lead Counsel and Settlement Class Counsel</u>

Patrick T. Egan, Esq.
Berman DeValerio
One Liberty Square
Boston, Massachusetts 02109

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. Any objection must include: (a) the full name, address, and phone number of the objecting Individual Defendant Settlement Class Member; (b) a list and documentation of all of the Individual Defendant Settlement Class

Member's transactions involving the certificates, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Plan of Allocation, to Lead Counsel's Motion for attorneys' fees and for reimbursement of Litigation Expenses and/or to Lead Plaintiffs' proposal to voluntarily dismiss IndyMac MBS, and who desire to present evidence at the Hearing, must include in their written objections the identity of any witnesses they intend to call to testify and exhibits they intend to introduce into evidence at the Hearing.

13. Any Individual Defendant Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever barred from making any objection to the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and/or Lead Plaintiffs' proposal to voluntarily dismiss IndyMac MBS.

14. If approved, all Individual Defendant Settlement Class Members will be bound by any judgment or determination in the Action, whether favorable or unfavorable to the Individual Defendant Settlement Class, regardless of whether or not an Individual Defendant Settlement Class Member executes and delivers a Proof of Claim Form.

15. Any Individual Defendant Settlement Class Member may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If an Individual Defendant Settlement Class Member does not enter an appearance, he, she, or it will be represented by Individual Defendant Class Counsel.

16. The Court expressly reserves the right to adjourn the Hearing without any further notice to Individual Defendant Settlement Class Members other than an announcement at the Hearing, and to approve the Plan of Allocation, with modification approved by the parties to the Stipulation, without further notice to Individual Defendant Settlement Class Members.

## CLAIMS PROCESS

17. In order to be entitled to participate in the Individual Defendant Settlement and eligible to share in the Individual Defendant Net Settlement Fund, an Individual Defendant Settlement Class Member must complete and submit a Proof of Claim Form (in the form attached as Exhibit C hereto) in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with the Individual Defendant Settlement must be postmarked no later than __1/28/15__. [~~120 days from date of this Order~~].

18. Any Individual Defendant Settlement Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Individual Defendant Net Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Individual Defendant Released Claims and shall be bound by any judgment or determination of the Court affecting Individual Defendant Settlement Class Members.

19. All funds held in the Individual Defendant Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the July 31, 2012 Stipulation and/or further order of the Court.

20. None of the Individual Defendants, nor any of the other Individual Defendant Released Parties, shall have any liability or responsibility whatsoever for any Plan of Allocation nor for any motion for attorneys' fees or for reimbursement of Litigation Expenses submitted by Lead Counsel.

21. Unless otherwise provided in the July 31, 2012 Stipulation, there shall be no distribution of any of the Individual Defendant Net Settlement Fund to any Individual Defendant Settlement Class Member until a Plan of Allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

22. The administration of the proposed Individual Defendant Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Individual Defendant Net Settlement Fund shall remain under the authority of this Court.

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Individual Defendant Settlement.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

10/6/14