UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09 Civ. 04583 (LAK)<br><br>ECF CASE |
| This Document Relates To:<br><br>ALL ACTIONS. | |

**OBJECTION TO THE PROPOSED SETTLEMENT WITH
UNDERWRITER DEFENDANTS AND NOTICE OF INTENTION TO APPEAR**

## I. Introduction

Pacific Investment Management Company, LLC ("PIMCO"), as investment manager of certain funds and accounts that are members of the Underwriter Defendant Settlement Class, respectfully submits this Objection To The Proposed Settlement With Underwriter Defendants And Notice Of Intention To Appear.[1] PIMCO makes this objection for the limited purpose of seeking a Court order or stipulation of the parties to the Settlement confirming that the Settlement, if it is approved by the Court and becomes Final after appeal, does not compromise in any fashion the claims asserted in *BlackRock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank National Trust Company, et al.*, No. 14-cv-09367-RMB (S.D.N.Y.) ("Trustee Action"), which was filed over three months before the proposed Settlement was reached in this Action. Specifically, the Settlement release would be impermissibly overbroad if it attempted to release claims held by the thirty trusts identified in Exhibit 1 attached hereto that issued Certificates ("Common Trusts"), or alternatively current certificateholders of the Common Trusts, and asserted in the Trustee Action against the trustee for the Common Trusts, Deutsche Bank National Trust Company ("DBNT"), an affiliate of Underwriter Defendant Deutsche Bank Securities Inc. The Common Trusts are not members of the Underwriter Defendant Settlement Class. Moreover, the class action had nothing to do with DBNT's wrongful conduct as trustee for the Common Trusts and obtained no consideration for these claims. PIMCO does not otherwise challenge any other term or aspect of the Settlement.[2]

## II. Relevant Background For PIMCO's Objection To The Settlement

On **June 18, 2014,** three months prior to the filing of the Stipulation, the PIMCO funds and accounts, together with other institutional investors and their respective funds and accounts

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the Amended Stipulation of Settlement dated September 19, 2014 ("Stipulation").

[2] The class member filing this objection to the Settlement is as follows: PIMCO, as investment manager of funds and accounts, 650 Newport Center Drive, Newport Beach, CA 92660. Attached as Exhibit 4 is a verified list attesting to the transactions involving Certificates.

(the "Institutional Investor Group") asserted claims on behalf of the Common Trusts and other trusts ("Covered Trusts") against DBNT in a derivative action filed in the New York State Court captioned *BlackRock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank National Trust Company, et al.*, No. 651865/2014 ("State Court Action").  *See* Exhibit 3 (State Court Action Verified Complaint).  On November 18, 2014, the Institutional Investor Group dismissed the State Court Action and concurrently filed the Trustee Action in federal court for the Southern District of New York, asserting both derivative claims on behalf of the Covered Trusts, and alternatively, claims on behalf a putative class of current certificateholders of the Covered Trusts.  *See* Exhibit 2 (Trustee Action Verified Complaint).

The Trustee Action alleges that the applicable pooling and servicing agreements ("Governing Agreements") governing the Common Trusts establish the duties and obligations of DBNT, as trustee.  The Trustee Action alleges that under the Governing Agreements, DBNT, as trustee, was obligated to enforce the rights of the Common Trusts with respect to known breaches of the contractual representations and warranties made by the mortgage loan originators and sponsors regarding the mortgage loans deposited into the Common Trusts.  The Trustee Action alleges that DBNT, as trustee, also took on obligations to the Common Trusts to take appropriate action subsequent to an uncured servicer "Event of Defaults."

According to the Trustee Action, substantial evidence exists that beginning in 2009 and by 2011, DBNT had discovered that many of these representations and warranties were materially and adversely false when made to the Common Trusts.  The Trustee Action further alleges that during this same period of time, DBNT and its responsible officers had knowledge of the servicers' failure to observe or perform in material respects their covenants and agreements under the Governing Agreements, thereby triggering Events of Defaults.  The Trustee Action alleges that DBNT failed to take timely and appropriate action against the responsible parties to protect the rights of the Common Trusts.  Accordingly, the Trustee Action alleges that the Common Trusts possess breach of contract, breach of fiduciary duty and negligence claims

against DBNT, as trustee. Alternatively, the Trustee Action alleges that current certificateholders for the Common Trusts possess these claims.

The Trustee Action alleges that the above-described claims against DBNT in the Trustee Action are claims that belong to the Common Trusts themselves. Ordinarily, the trustee would prosecute trust claims on behalf of the Common Trusts. However, as explained in the Trustee Action, because it would be futile to demand that DBNT sue itself, these claims of the Common Trusts may be prosecuted derivatively by certificateholders on the Common Trusts' behalf.

PIMCO attempted to avoid the need to object. On January 9, 2015, counsel for PIMCO contacted counsel for Lead Plaintiff seeking confirmation that the Stipulation was not intended to encompass and, therefore, release the claims being asserted in the Trustee Action. Counsel for Lead Plaintiff, however, could not confirm on behalf of all of the parties that the Stipulation was not intended to release the claims maintained by the Institutional Investor Group in the Trustee Action.

## III.  Proposed Underwriter Settlement

Over three months after the filing of the Trustee Action Complaint, the parties in the instant Class Action reached a proposed Settlement. The proposed Settlement, if it is approved by the Court and becomes Final after appeal, will release the Class Members' "Settled Claims" against the "Released Parties." The relevant definitions are as follows:

- **"Underwriter Defendant Settlement Class"**: All persons or entities who at any time purchased or otherwise acquired interests in the Certificates. Excluded from the Underwriter Defendant Settlement Class are those persons or entities who purchased or otherwise acquired Certificates, but who have filed individual actions to separately pursue claims against the Underwriter Defendants relating to the Certificates or who have filed a valid request for exclusion. Also excluded from the Underwriter Defendant Settlement Class are the Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle, to the extent such entities themselves had a proprietary (i.e., for their own account) interest in the Certificates and not to the extent that they held Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Underwriter Defendant Settlement Class.

- **"Released Claims"**: any and all past, present, and future claims (including Unknown Claims), cross-claims, rights, remedies, debts, demands, obligations, liabilities, or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, punitive damages, compensation, restitution, rescission, interest, attorneys' fees or costs, expert or consulting fees, and any other costs, expenses, losses or liabilities of any kind or nature whatsoever) against the Released Parties, whether known or unknown, whether based on federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether at law or in equity, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, whether class or individual in nature, that Lead Plaintiffs or any other Underwriter Defendant Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in the Action or any other forum that (a) arise out of or are based upon the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, representations, conduct, acts, or omissions or failures to act that were or could have been alleged or asserted in the Action, and (b) relate to the purchase, other acquisition or sale of the Certificates or any interest therein. "Released Claims" shall also include all rights of appeal from any prior decision of the Court in this Action. "Released Claims" do not include (i) claims relating to the enforcement of this Settlement; or (ii) claims, if any, filed prior to July 23, 2014 solely and exclusively to the extent that such claims asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the Offerings; (iii) claims against Defendant IndyMac MBS, Inc.; or (iv) claims against Goldman, Sachs & Co., including claims relating to IndyMac INDA Mortgage Loan Trust 2006-AR3 or IndyMac INDX Mortgage Loan Trust 2007-FLX1.

- **"Released Parties"** or **"Released Party"**: (i) the Underwriter Defendants; (ii) each of the respective past or present parents, subsidiaries, affiliates, divisions, successors and predecessors of the Underwriter Defendants; and (iii) each of the respective past or present heirs, executors, estates, administrators, officers, directors, managing directors, members, employers, employees, agents, attorneys, advisors, investment advisors, auditors, accountants, insurers, co-insurers, reinsurers, and assigns, of the foregoing in (i) and (ii) in their capacities as such.

## IV.   Objection To The Settlement

PIMCO objects to final approval of the Settlement in the instant Class Action to the extent the claims being prosecuted in a separate pre-existing action, the Trustee Action, could be construed as included in the "Settled Claims." As set forth above, under the Stipulation, the PIMCO funds and accounts and other current certificateholders of the Common Trusts are members of the Underwriter Defendant Settlement Class. Additionally, Deutsche Bank Securities Inc. and its past or present parents, subsidiaries, affiliates, divisions, successors and predecessors are identified as "Released Parties." This could potentially include DBNT.

Moreover, pursuant to the Stipulation, "Released Claims" are "any and all past, present, and future claims (including Unknown Claims" "of every nature and description whatsoever" "against the Released Parties" "whether based on federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether at law or in equity" that "(ii) could have asserted in the Action or any other forum that (a) arise out of or are based upon the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, representations, conduct, acts, or omissions or failures to act that were or could have been alleged or asserted in the Action, and (b) relate to the purchase, other acquisition, or sale of the Certificates or any interest therein." Additionally, the Stipulation excludes "claims, if any, filed prior to July 23, 2014 solely and exclusively to the extent that such claims asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the Offerings," suggesting the Settlement Agreement's release may include claims that certificateholders hold derivatively through the trust.

In this Circuit, settlements containing overbroad releases have been rejected. For example, in *National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9, 18-19 (2d Cir. 1981), the Court held that the plaintiff could not release claims as part of a class action settlement that were not brought by the plaintiff. The court stated that "the parties to the settlement have attempted to release claims with respect to which none of them was authorized to represent members of the class." *Id*. at 19.

Here, it would be entirely improper for the parties to attempt to release the Common Trusts' derivative claims against DBNT pled in the Trustee Action. The Common Trusts' derivative claims alleged in the Trustee Action were not asserted in the Complaint in the Class Action, nor could they have been: the Common Trusts themselves were not plaintiffs in the Class Action and the class plaintiffs did not purport to bring such claims derivatively on the Common Trusts' behalf, nor are the Common Trusts identified as members of the putative class. Moreover, as the Stipulation makes clear, the Underwriter Defendant Net Settlement Fund is to be distributed to the class member investors directly based on how many certificates the class

-5-

member purchased; whether the class member held or sold those certificates; the date on which the class member held those certificates; and the price at which the class member sold them. That the claims against DBNT held by the Common Trusts are not part of the Class Action is indicated by the lack of *any* recovery by the Common Trusts themselves.

Similarly, it would be improper for the parties to release the alternatively pled class claims of current certificateholders of the Common Trusts against DBNT asserted in the Trustee Action. The Class Action had nothing to do with the Trustee's wrongful conduct and obtained no consideration for these claims. Thus, to the extent that the Stipulation purports to release claims asserted in the Trustee Action, it is overly broad. *In re WorldCom, Inc. Sec. Litig.,* 388 F. Supp. 2d 319, 341-42, 342 n.36 (S.D.N.Y. 2005) ("The law is well-established in this Circuit and others" that a class action release "may only be applied to bar claims based on the same factual predicate as those brought by the Lead Plaintiff in the class action." "It is, after all, a given that the Release will only be applied insofar as its application conforms to the law"); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 107 (2d Cir. 2005).

Accordingly, in an abundance of caution and on account of the vague language of the releases included in the Settlement, PIMCO objects for the limited purpose of seeking an order and/or a stipulation of the parties to the Settlement confirming that the Settlement does not compromise in any fashion the claims alleged in the Trustee Action pertaining to the Common Trusts.

## V.  Notice Of Intention To Appear At Hearing

The undersigned gives notice pursuant to Paragraph 65 of the Notice that PIMCO intends to appear through its undersigned counsel at the Final Approval Hearing to further the above-referenced objection.[3]

---

[3] Attached as Exhibit 6 is a list of other cases in which this counsel has appeared as either an objector or counsel for an objector in the preceding five years.

Dated: January 13, 2015

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP


_/s/ Blair A. Nicholas_
BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
blairn@blbglaw.com

*Counsel for Pacific Investment
Management Company, LLC*

-7-