

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re INDYMAC MORTGAGE-BACKED SECURITIES LITIGATION | Master Docket No. 09-Civ. 04583 (LAK) <br> ECF CASE |
| This Document Relates To: <br><br> ALL ACTIONS | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on February 3, 2015 (the "Final Approval Hearing"), on the application of Lead Plaintiffs Wyoming Retirement System and Wyoming State Treasurer for (i) approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement between Lead Plaintiffs and Defendants Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, RBS Securities Inc., and UBS Securities LLC (the "Settling Defendants"), dated September 19, 2014 (the "Stipulation"); and (ii) entry of an Order and Final Judgment in accordance with the Stipulation.

The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All Persons who at any time purchased or otherwise acquired interests in the Certificates. Excluded from the Settlement Class are those Persons who purchased or otherwise acquired Certificates, but who have filed individual actions to separately pursue claims against the Settling Defendants relating to the Certificates or who have filed a valid request for exclusion in accordance with the requirements set forth in the Notice. Also excluded from the Settlement Class are Defendants, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle, to the extent such entities themselves had a proprietary (*i.e.*, for their own account) interest in the Certificates and not to the extent that they held Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class.

4. With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement (and without an adjudication of the merits), that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the members of the Settlement Class are sufficiently numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5. Notice of the proposed Settlement, Plan of Allocation, Final Approval Hearing, and motion for attorneys' fees and reimbursement of Litigation Expenses was given to all

Settlement Class Members who could be identified with reasonable effort (the "Notice"). The form and method of notice to the Settlement Class, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons who are Settlement Class Members advising them of the Settlement, the Plan of Allocation, the Final Approval Hearing, and Lead Counsel's and additional Settlement Class Representatives' counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and of their right to object to the Settlement Class, and a full and fair opportunity was accorded to all such Persons to be heard with respect to the Settlement, the Plan of Allocation, and/or Lead Counsel's and additional Settlement Class Representatives' counsel's motion for attorneys' fees and request for reimbursement of Litigation Expenses.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation. The Settling Parties are hereby directed to perform its terms.

8. The Court has considered the one limited objection to the Settlement. The Court finds and concludes that the objection should be overruled.

9. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of

Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), all Released Claims are dismissed with prejudice against the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11. This Order and Final Judgment is binding on all Settlement Class Members (which does not include those Persons listed on Exhibit 1 hereto who have validly and timely requested exclusion from the Settlement Class).

12. Upon the Effective Date, the Settlement Class Representatives and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assignees shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged and dismissed each and every Released Claim against the Released Parties, and shall forever be enjoined from pursuing any or all Released Claims in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise; and regardless of whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. By entering into this Settlement, the Settlement Class Representatives represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims, or any of them, to any other Person. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and the provisions, rights and benefits of California Civil Code § 1542, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

13. Upon the Effective Date, the Settling Defendants and each of the other Released Parties shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged and dismissed all Released Parties' Claims, and shall forever be

enjoined from pursuing any or all Released Parties' Claims in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise. By entering into this Settlement, the Settling Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Parties' Claims, or any of them, to any other Person. The Settling Parties acknowledge, and the Released Parties shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and the provisions, rights and benefits of California Civil Code § 1542, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

14.  The facts and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)  shall not be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against the Settlement Class Representatives or other Settlement Class Members as evidence of any infirmity in the claims of the Settlement Class Representatives or other Settlement Class Members;

(b)  shall not be offered or received against the Released Parties, the Settlement Class Representatives, or other Settlement Class Members as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by the Settlement Class Representatives or other Settlement Class Claims with respect to the truth or falsity of any allegation by the Settlement Class Representatives or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(c) shall not be offered or received against the Released Parties, the Settlement Class Representatives, or other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed or received in evidence as an admission, concession or presumption against the Released Parties that Underwriter Defendant Settlement Amount represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against the Settlement Class Representatives or other Settlement Class Members that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Underwriter Defendant Settlement Amount.

15. As a material condition of the Settlement, the Court hereby permanently bars, enjoins and restrains any and all Persons (including, but not limited to, non-settling defendants, their successors or assigns, and any other Person later named as a defendant or third-party in the Action) from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Settling Defendants for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related to the claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to any Settlement Class Member), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen,

matured or discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.

16. Any Person so barred and enjoined under paragraph 15 above, shall be entitled to appropriate judgment reduction in accordance with applicable statutory or common law rule to the extent permitted under the Securities Act of the 1933 for the claims alleged against them.

17. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Underwriter Defendant Settlement Fund; (c) disposition of the Underwriter Defendant Settlement Fund; (d) hearing and determining Lead Counsel's and additional Settlement Class Representatives' counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Stipulation, including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

18. A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

19. A separate order shall be entered regarding Lead Counsel's and additional Settlement Class Representatives' counsel's motion for attorneys' fees and reimbursement of Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Underwriter Defendant Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be

admissible in any trial of the Action and the parties to the Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before July 23, 2014; (c) the certification of the Settlement Class, including the findings in paragraph 4 herein, shall be null and void without further Court action; and (d) the balance of the Underwriter Defendant Settlement Fund, less any Notice and Administration Expenses paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

21.  Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: February 23, 2015
       New York, New York

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

Persons Excluded from the Settlement Class Pursuant to Requests for Exclusion.

| Exclusion Number | Name(s) of Claimant(s) | City, State | Date Received |
|---|---|---|---|
| 1 | Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, and National Integrity Life Insurance Company, and their investment advisor Fort Washington Investment Advisors | Cincinnati, OH 45202 | 1/12/2015 |
| 2 | National Credit Union Administration Board as Liquidating Agent for U.S. Central Federal Credit Union, Western Corporate Federal Credit Union and Southwest Corporate Federal Credit Union | St. Louis, MO 63101 | 1/12/2015 |
| 3 | Sealink Funding Limited | London W1J 6ER, UK | 1/12/2015 |
| 4 | Kleros Preferred Funding V PLC and Silver Elms CDO II Limited, as well as Phoenix Light SF Limited | Dublin 1, Ireland | 1/12/2015 |
| 5 | AIG Securities Lending Corp., American General Life Insurance Company, American Home Assurance Company, Commerce and Industry Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., The Insurance Company of the State of Pennsylvania, The United States Life Insurance Company in the City of New York, and The Variable Annuity Life Insurance Company | New York, NY 10005 | 1/12/2015 |
| 6 | Dexia Holdings, Inc. | New York, NY 10022 | 1/13/2015 |